172 Mich. App. 342 (1988)
431 N.W.2d 255
UNIVERSAL UNDERWRITERS INSURANCE COMPANY
v.
STATE FARM AUTOMOBILE INSURANCE COMPANY
Docket No. 99817.
Michigan Court of Appeals.
Decided October 17, 1988.
Sommers, Schwartz, Silver & Schwartz, P.C. (by Leonard B. Schwartz), for plaintiff.
Eggenberger, Eggenberger, McKinney & Weber, P.C. (by Paul D. Hofmeister), for defendant.
Before: KELLY, P.J., and GRIBBS and C.W. SIMON,[*] JJ.
KELLY, P.J.
Plaintiff-appellant, Universal Underwriters Insurance Company, appeals by leave granted from an order granting summary judgment in favor of defendant-appellee, State Farm Mutual Automobile Insurance Company. We affirm.
On February 8, 1982, Travis Davidson was involved in an automobile accident which caused injury to Mr. and Mrs. Haselhun. Davidson was *344 driving an automobile leased to him by the Jim Causley Pontiac dealership. Travis Davidson was insured by defendant, State Farm, under a policy covering his personal vehicle, which was not involved in the accident. Jim Causley Pontiac was insured by plaintiff, Universal Underwriters, under a policy which did not provide coverage for rental drivers such as Davidson. Jim Causley Pontiac's lease agreement also provided that the lessee agreed
[t]o hold Lessor harmless and to assume full responsibility for any loss, damage or any claim that may occur, to any person, or persons, or any other property, of any kind, through the use by any person including the Lessee of the above vehicle while it is entrusted to Lessee's use and/or care.
As a result of their injuries sustained in the accident, Mr. and Mrs. Haselhun made claims for compensation based upon the residual tort liability remaining under the no-fault act, MCL 500.3135; MSA 24.13135. Both insurance companies settled with the Haselhuns for $15,000, each paying $7,500 and agreeing to litigate the question of which insurer had primary liability.
Universal Underwriters then sued State Farm in district court seeking reimbursement of the $7,500 it paid, and State Farm counterclaimed for the $7,500 it paid. The district court granted summary judgment to State Farm in the amount of $7,500, holding that Universal was obligated to cover the damages arising out of the accident. The circuit court affirmed this decision, holding that the terms of Universal's policy and the lease agreement which attempted to deny coverage to Davidson were invalid because they violated the no-fault insurance act, MCL 500.3101 et seq.; MSA *345 24.13101 et seq. This Court denied plaintiff's application for leave to appeal. Universal appealed to our Supreme Court, which remanded this case for us to consider as if on leave granted.
Universal argues that the district court erred in granting summary judgment to State Farm and that its insurance policy and the hold harmless agreement are valid and enforceable. We disagree.
At the time of Davidson's accident, § 3101(1) of the no-fault insurance act provided:
The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance. Security shall be in effect continuously during the period of registration of the motor vehicle. [MCL 500.3101(1); MSA 24.13101(1).]
Section 520(b)(2) of the Michigan Vehicle Code requires that an owner's policy of automobile liability insurance
[s]hall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles.... [MCL 257.520(b)(2); MSA 9.2220(b)(2). Emphasis added.]
The Supreme Court has concluded that the provisions of the no-fault insurance act showed that the Legislature intended that
1. A person using a motor vehicle that causes certain types of damages shall remain liable in tort (§ 3135);

*346 2. An insurance policy in this state shall afford coverage for such liability (§ 3131); [and]
3. An owner or registrant of a motor vehicle shall purchase such a policy (§ 3101). [State Farm Mutual Automobile Ins Co v Ruuska, 412 Mich 321, 335; 314 NW2d 184 (1982). (Opinion by WILLIAMS, J.).]
We think it obvious that the Legislature intends that automobile policies conform to the dictates of the no-fault act and the Vehicle Code. See Tahash v Flint Dodge Co, 115 Mich App 471, 476; 321 NW2d 698 (1982), lv den 418 Mich 878 (1983); DAIIE v Higginbotham, 95 Mich App 213, 221; 290 NW2d 414 (1980), lv den 409 Mich 919 (1980). Where an automobile insurance policy contains an exclusionary clause that was not contemplated by the Legislature, that clause is invalid and unenforceable. Higginbotham, 221. The Legislature has authorized a narrow exception to the general rule of comprehensive automobile liability insurance allowing for exclusion of coverage when the vehicle is operated by a specifically named individual. MCL 500.3009(2); MSA 24.13009(2); DAIIE v Felder, 94 Mich App 40, 42; 287 NW2d 364 (1979). However, this exception does not apply to lease contracts, nor has Universal complied with the stringent requirements of this exception in order to exclude coverage.
Universal's attempts to exclude insurance coverage for lessee drivers conflicts with the liability coverage required by the no-fault act and the Vehicle Code and are therefore invalid and unenforceable. The district court did not err in granting summary judgment to defendant State Farm.
Affirmed.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.