BESIC v CITIZENS INSURANCE COMPANY OF THE MIDWEST

Docket No. 291051. Submitted July 6, 2010, at Detroit. Decided September 14, 2010, at 9:05 a.m.

Muhamed Besic, a Michigan resident, brought an action in the Wayne Circuit Court against Citizens Insurance Company of the Midwest, Clearwater Insurance Company, and Lincoln General Insurance Company, seeking first-party no-fault insurance benefits after being injured in a motor vehicle accident in Ohio, while driving his tractor-trailer hauling freight to New York. Citizens insured Besic's household vehicles, Lincoln insured the lessee of Besic's tractor, and Clearwater provided a "bobtail" policy to Besic. Clearwater filed cross-claims against Citizens and Lincoln, asserting that both were higher-priority insurers than it and thus they were required to reimburse Clearwater for any personal protection insurance (PIP) benefits it might pay. Clearwater also argued that if the policy issued by Lincoln did not expressly provide coverage, then the court should reform the policy to provide coverage because insurance companies doing business in Michigan must include PIP coverage in all automobile insurance policies. All parties filed motions for summary disposition. The court, John H. Gillis, Jr., J., granted summary disposition to Citizens and Lincoln, denied Clearwater's motion for summary disposition, and granted Besic summary disposition with respect to Clearwater only. Clearwater appealed.

The Court of Appeals held:

1. When a conflict arises between the terms of an endorsement and the insurance policy's form provisions, the terms of the endorsement prevail. An endorsement may grant coverage not otherwise provided or may remove the effect of particular exclusions. Besic's bobtail policy with Clearwater included a form provision excluding coverage when the vehicle was under dispatch. It also had an endorsement that excluded PIP benefits under more specific circumstances that did not exist at the time of the accident and further contained an endorsement that provided PIP benefits. Besic was entitled to PIP coverage under his policy with Clearwater.

2. Under MCL 500.3163(1), an insurer selling automobile insurance in this state must provide PIP benefits if its insured is

an out-of-state resident who suffers accidental bodily injury that occurs in Michigan and arises from the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle. However, that statute does not apply when a Michigan resident was injured in an out-of-state accident. Because Besic was injured in Ohio, MCL 500.3163(1) did not apply and did not obligate Lincoln to provide coverage for his injuries. Moreover, because Clearwater's policy provided PIP benefits to Besic, no basis existed for reforming the Lincoln policy to provide similar coverage.

3. Under MCL 500.3114(1), a person named in a no-fault insurance policy is entitled to PIP benefits payable in accord with that policy. However, if the person is an employee who is injured while an occupant of a vehicle owned by his or her employer, then the employee is entitled under MCL 500.3114(3) to benefits payable by the insurer of the vehicle. In the case of a self-employed person, the insurer of the business vehicle is the insurer with the highest order of priority for payments. Clearwater, as the insurer of the business vehicle that Besic occupied when he was injured, had first priority to pay PIP benefits to Besic.

Affirmed.

1. INSURANCE — ENDORSEMENTS — CONFLICTS WITH FORM PROVISIONS OF POLICIES.

When a conflict arises between the terms of an endorsement and the insurance policy's form provisions, the terms of the endorsement prevail; an endorsement may grant coverage not otherwise provided or may remove the effect of particular exclusions.

2. INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE BENEFITS — INJURIES OCCURRING OUT OF STATE.

Under MCL 500.3163(1), an insurer authorized to sell automobile insurance in this state must provide personal protection insurance benefits if its insured is an out-of-state resident who suffers accidental bodily injury that occurs in Michigan and arises from the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle; but that statute does not apply when a Michigan resident is injured in an out-of-state accident.

3. INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE BENEFITS — PRIORITY OF INSURERS.

A person named in a no-fault insurance policy is entitled to personal protection insurance benefits payable in accord with that policy; however, if the person is an employee who is injured while an occupant of a vehicle owned by his or her employer, then the

employee is entitled to benefits payable by the insurer of the vehicle; in the case of a self-employed person, the insurer of the business vehicle is the insurer with the highest order priority for payment of benefits (MCL 500.3114[1], [3]).

*Garan Lucow Miller, P.C.* (by *Daniel S. Saylor* and *Caryn A. Gordon*), for Citizens Insurance Company of the Midwest.

*Sullivan, Ward, Asher & Patton, P.C.* (by *Thomas L. Auth, Jr.*), for Clearwater Insurance Company.

*Law Offices of Ronald M. Sangster, Jr., PLLC* (by *Ronald M. Sangster, Jr.*), for Lincoln General Insurance Company.

Before: MURRAY, P.J., and DONOFRIO and GLEICHER, JJ.

PER CURIAM. The dispute before us concerns which of three insurance companies must shoulder responsibility for payment of plaintiff Muhamed Besic's first-party no-fault insurance benefits. In a summary disposition ruling, the circuit court imposed liability for all of Besic's first-party benefits on defendant Clearwater Insurance Company, which issued plaintiff a bobtail insurance policy. Clearwater appeals as of right, and we affirm.

I. UNDERLYING FACTS AND PROCEEDINGS

In January 2007, Besic, a Michigan resident, sustained personal injuries in a motor vehicle accident in Ohio. At the time of the accident, Besic was driving a tractor-trailer rig, hauling freight from Illinois to New York. Besic owned the tractor, registered and licensed the vehicle in Michigan, and leased it to MGR Express, Inc., pursuant to a "Contractor Operating Agreement" (COA). The COA identified Besic Express, a corporation solely owned by

Besic, as the contractor and owner of the truck; however, Besic testified at his deposition that he owned the truck personally. The COA contemplated that during the term of the lease, MGR would "assume all responsibility and pay for all liability insurance" for the truck "while [Besic] is operating under the terms of this Agreement," and that Besic "has and reserves the right to contract independently for Workers' Compensation coverage, bobtail,[1] or physical damage insurance required hereunder and for health and accident or other insurance . . . ."

MGR bought liability insurance for the truck from defendant Lincoln General Insurance Company. Besic purchased bobtail insurance coverage from Clearwater. Defendant Citizens Insurance Company of the Midwest insured Besic's household vehicles.

In November 2007, Besic sued Citizens in the Wayne Circuit Court, seeking payment of first-party no-fault benefits related to the injuries he sustained in the Ohio accident. Besic subsequently amended his complaint to add Clearwater and Lincoln as defendants. In February 2008, Clearwater filed cross-claims against Citizens and Lincoln, requesting "reimbursement or recoupment . . . for the entire amounts of monies paid" by Clearwater and asserting that Citizens and Lincoln shared "a higher order of priority to pay Michigan no-fault benefits." The cross-claims also sought reformation of the Lincoln policy if the court determined that it "does not include an express provision for Michigan no-fault coverage . . . ."

All parties filed motions for summary disposition. At a September 2008 hearing, the circuit court expressed on the record its finding that the

---

[1] "Generally, a 'bobtail' policy is a policy that insures the tractor and driver of a rig when it is operated without cargo or a trailer." *Integral Ins Co v Maersk Container Serv Co, Inc*, 206 Mich App 325, 331; 520 NW2d 656 (1994).

Lincoln contract, MGR contract with Muhamed Besic doesn't require him to provide PIP [personal injury protection insurance] coverage, and they provided liability only, so the Court will grant Lincoln's motion for Summary Disposition. . . .

And Clearwater's argument under the exclusions of page two subsection C, the Court finds that none of those apply. Clearwater's motion for Summary Disposition is denied.

In October 2008, the court entered an order granting summary disposition to Citizens and Lincoln, denying Clearwater summary disposition, and granting Besic summary disposition with respect to Clearwater only. Besic settled his claim against Clearwater,[2] and in March 2009 the circuit court dismissed the action with prejudice.

## II. SUMMARY DISPOSITION STANDARD OF REVIEW

Clearwater challenges the circuit court's summary disposition rulings, which we review de novo. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). The circuit court did not specify under which subrule of MCR 2.116(C) it found summary disposition appropriate, but a review of the record reflects that the court considered documentation beyond the pleadings and thus made its summary disposition rulings under MCR 2.116(C)(10). Subrule (C)(10) tests a claim's factual support. "In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Walsh*, 263 Mich App at 621.

---

[2] The appellate brief prepared by Citizens represents that Clearwater paid Besic $175,000 in settlement and continues to pay him personal injury protection benefits. Besic did not file a brief on appeal.

III. COVERAGE OF BESIC'S FIRST-PARTY PERSONAL INJURY
PROTECTION BENEFIT CLAIM UNDER CLEARWATER'S
BOBTAIL POLICY

Clearwater initially submits that its bobtail insurance policy plainly offered only limited coverage that did not apply when Besic had an accident while under dispatch, the situation in this case. Clearwater emphasizes that the bobtail policy endorsement with respect to Michigan personal injury protection (PIP) coverage[3] must be read in conjunction with the rest of the policy, which excludes coverage when the insured suffers injury while under motor dispatch.

When reviewing an insurance policy dispute, an appellate court looks " 'to the language of the insurance policy and interpret[s] the terms therein in accordance with Michigan's well-established principles of contract construction.' " *Citizens Ins Co v Pro-Seal Serv Group, Inc*, 477 Mich 75, 82; 730 NW2d 682 (2007), quoting *Henderson v State Farm Fire & Cas Co*, 460 Mich 348, 353-354; 596 NW2d 190 (1999).

> "First, an insurance contract must be enforced in accordance with its terms. A court must not hold an insurance company liable for a risk that it did not assume. Second, a court should not create ambiguity in an insurance policy where the terms of the contract are clear and precise. Thus, the terms of a contract must be enforced as written where there is no ambiguity." [*Citizens Ins Co*, 477 Mich at 82, quoting *Henderson*, 460 Mich at 354.]

In deciding whether an insured is entitled to insurance benefits, we employ a two-part analysis. *Heniser v Frankenmuth Mut Ins Co*, 449 Mich 155, 172; 534 NW2d 502 (1995). "First, we determine if the policy

---

[3] Personal injury protection coverage is also referred to as personal protection insurance coverage.

provides coverage to the insured." *Id.* (quotation marks and citation omitted). "An insurer is free to define or limit the scope of coverage as long as the policy language fairly leads to only one reasonable interpretation and is not in contravention of public policy." *Id.* at 161. If the policy does supply coverage, "we then ascertain whether that coverage is negated by an exclusion. It is the insured's burden to establish that his claim falls within the terms of the policy." *Id.* at 172 (quotation marks and citation omitted).

The Clearwater policy contains a "Certificate of Non-Trucking Automobile Liability Insurance," which states in relevant part, "No coverage is afforded when the described vehicle(s) is (are): 1. Under motor carrier direction, control, or dispatch." The policy also incorporates an endorsement entitled "Michigan Truckers— Insurance for Non-Trucking Use," which reads:

> For the covered "auto" described in this endorsement, LIABILITY COVERAGE, Michigan Personal Injury and Property Protection coverages are changed as follows:
>
> A. LIABILITY COVERAGE does not apply while the covered "auto" is used in the business of anyone to whom it is leased or rented if the lessee has liability insurance sufficient to pay for damages in accordance with Chapter 31 of the Michigan [Insurance] Code [MCL 500.3101 *et seq.*].
>
> B. Michigan Personal Injury and Property Protection coverages do not apply to "bodily injury" or "property damage" resulting from the operation, maintenance or use of the covered "auto" in the business of anyone to whom it is leased or rented *if the lessee has Michigan Personal Injury and Property Protection coverages on the "auto."* [Emphasis added.]

As discussed in greater detail in part IV of this opinion, the lessee of Besic's truck, MGR, did not buy "Michigan Personal Injury and Property Protection"

coverage for Besic's truck. In light of the plain and unambiguous language of the Clearwater "Michigan Truckers—Insurance for Non-Trucking Use" endorsement, the Clearwater policy thus affords coverage. Clearwater essentially concedes this conclusion in its brief:

> While [Besic] relied upon this provision as creating a duty to pay personal protection ("PIP") benefits, the Endorsement's language did not create such a new duty. **Rather, the Endorsement's language serves instead to <u>limit any such duty which may otherwise exist</u> to pay PIP benefits under the policy to those instances where PIP coverage is not available under any other policy.** However, as explained, the duty to pay PIP benefits does not otherwise exist under the policy when the truck is under dispatch.

We reject Clearwater's contention that because the policy language in general excludes coverage while the truck is under dispatch, the endorsement should be similarly construed. "[E]ndorsements often are issued to specifically grant certain coverage or remove the effect of particular exclusions. Thus, such an endorsement will supersede the terms of the exclusion in question." 4 Holmes, Appleman on Insurance (2d ed), § 20.1, p 156. "When a conflict arises between the terms of an endorsement and the form provisions of an insurance contract, the terms of the endorsement prevail." *Hawkeye-Security Ins Co v Vector Constr Co*, 185 Mich App 369, 380; 460 NW2d 329 (1990). "[E]ndorsements by their very nature are designed to trump general policy provisions, and where a conflict exists between provisions in the main policy and the endorsement, the endorsement prevails." *Nationwide Mut Ins Co v Schmidt*, 307 F Supp 2d 674, 677 (WD Pa, 2004). The Clearwater endorsement unambiguously extends no-fault coverage under the existing circumstances be-

cause Michigan no-fault PIP coverage was otherwise unavailable under MGR's Lincoln policy.

Moreover, the Clearwater bobtail policy also included an endorsement for Michigan PIP benefits. An endorsement entitled "Michigan Personal Injury Protection" sets forth in pertinent part the following:

A. Coverage

We will pay personal injury protection benefits to or for an "insured" who sustains "bodily injury" caused by an "accident" and resulting from the ownership, maintenance or use of an "auto" as an "auto". These benefits are subject to the provisions of Chapter 31 of the Michigan Insurance Code.

In straightforward fashion, the terms of the Clearwater PIP endorsement apply to the basic facts of Besic's January 2007 accident in Ohio.

We conclude that on the issue of liability for Besic's PIP benefits, the circuit court properly (1) denied Clearwater summary disposition, (2) granted Besic summary disposition with respect to Clearwater, and (3) granted summary disposition to Citizens and Lincoln, pursuant to MCR 2.116(C)(10) and in accord with the reasoning set forth in the rest of this opinion.

### IV. APPLICABILITY OF LINCOLN POLICY TO BESIC'S CLAIM FOR PIP BENEFITS

Clearwater next maintains that even if the Lincoln policy MGR purchased to cover Besic's truck does not "on its face" extend PIP coverage, this Court should imply PIP coverage under the Lincoln policy because Michigan law mandates that all insurance companies doing business in Michigan include PIP benefits in all automobile insurance policies. According to Clearwater, the Lincoln policy contemplates no-fault coverage in a policy section detailing "out of state coverage extensions." Clearwater alterna-

tively urges that, if this Court interprets the Lincoln policy language as inapplicable to the present circumstances, we should reform Lincoln's policy to offer Besic Michigan no-fault PIP benefits.

Clearwater relies on the following italicized policy language, found in the "Truckers Coverage Form, Liability Coverage" section of the Lincoln policy, in support of its position that the Lincoln policy covered Besic's no-fault PIP expenses:

SECTION II—LIABILITY COVERAGE

A. Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\* \* \*

2. Coverage Extensions

\* \* \*

b. Out-of-State Coverage Extensions

While a covered "auto" is away from the state where it is licensed we will:

(1) Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. . . .

(2) *Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.* [Emphasis added.]

The emphasized language does not apply in this case because at the time of the accident Besic undisputedly

was using the covered "auto" in Ohio, a state that does not have a no-fault liability scheme. Most likely, this section of the Lincoln policy enabled the coverage to comply with laws such as MCL 500.3163(1), which contains the following relevant language:

> An insurer authorized to transact automobile liability insurance and personal and property protection insurance in this state shall file and maintain a written certification that any accidental bodily injury or property damage occurring in this state arising from the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle by an out-of-state resident who is insured under its automobile liability insurance policies, is subject to the personal and property protection insurance system under this act.

If Besic had been an Ohio resident injured in a Michigan crash, MCL 500.3163(1) and the "out-of-state-coverage extensions" would have compelled Lincoln to supply first-party no-fault PIP coverage. However, neither the statute nor the Lincoln policy language applies when a Michigan resident suffers a vehicle-related injury in Ohio.

Nor did Lincoln have any statutory obligation to incorporate no-fault PIP coverage into the policy it sold to MGR. Clearwater correctly observes that "[w]here an automobile insurance policy contains an exclusionary clause that was not contemplated by the Legislature, that clause is invalid and unenforceable." *Universal Underwriters Ins Co v State Farm Auto Ins Co*, 172 Mich App 342, 346; 431 NW2d 255 (1988). But Lincoln sold the policy at issue to MGR in Illinois, and not to Besic in Michigan. Furthermore, "[t]he requirements for a motor vehicle liability policy may be fulfilled by the policies of more than one insurance carrier." *State Farm Mut Auto Ins Co v Auto-Owners Ins Co*, 173 Mich App 51, 55; 433 NW2d 323 (1988). Because the Clearwater

policy supplied no-fault PIP coverage for the injuries Besic suffered in his January 2007 accident, no basis exists for reforming the Lincoln policy to similarly provide such coverage.

### V. REIMBURSEMENT FOR PIP BENEFITS PAID BY CLEARWATER

Clearwater lastly avers that pursuant to MCL 500.3114, Citizens, the insurer of Besic's personal vehicles, shares responsibility to pay Besic's no-fault PIP benefits. In Clearwater's view, Citizens stands within the same order of priority as Clearwater, and thus Clearwater should receive a pro rata reimbursement for the first-party no-fault benefits it has paid Besic.

"To determine the priority of insurers liable for [no-fault PIP] benefits, the claimant must look to [MCL 500.3114]." *Auto-Owners Ins Co v State Farm Mut Auto Ins Co*, 187 Mich App 617, 619; 468 NW2d 317 (1991). The pertinent subsections of MCL 500.3114 instruct as follows:

> (1) Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in [MCL 500.3101(1)] applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. . . .

> \* \* \*

> (3) An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle.

MCL 500.3101(1) states, in relevant part:

> The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance. Security shall only be required to be in effect during the period the motor vehicle is driven or moved upon a highway.

In *Celina Mut Ins Co v Lake States Ins Co*, 452 Mich 84, 89; 549 NW2d 834 (1996), the Supreme Court held that

> it is most consistent with the purposes of the no-fault statute to apply [MCL 500.3114(3)] in the case of injuries to a self-employed person. The cases interpreting that section have given it a broad reading designed to allocate the cost of injuries resulting from use of business vehicles to the business involved through the premiums it pays for insurance.

The Supreme Court explained that

> requiring both insurers to contribute to the payment of benefits would run contrary to the overall goal of the no-fault insurance system, which is designed to provide victims with assured, adequate, and prompt reparations at the lowest cost to both the individuals and the no-fault system. Splitting the obligation to pay would result in duplicative administrative costs, by requiring several insurers to adjust a single claim. [*Id.*]

In *State Farm Mut Auto Ins Co v Sentry Ins*, 91 Mich App 109, 114-115; 283 NW2d 661 (1979), this Court set forth the same rationale later adopted in *Celina*:

> The exceptions in [MCL 500.3114(2)] and (3) relate to "commercial" situations. It was apparently the intent of the Legislature to place the burden of providing no-fault benefits on the insurers of these motor vehicles, rather than on the insurers of the injured individual. This scheme allows for predictability; coverage in the "commercial" setting will not depend on whether the injured individual is

covered under another policy. A company issuing insurance covering a motor vehicle to be used in a (2) or (3) situation will know in advance the scope of the risk it is insuring. The benefits will be speedily paid without requiring a suit to determine which of the two companies will pay what is admittedly due by one of them.

Besic owned the truck and worked as a self-employed independent contractor for MGR. Consistently with the Michigan Supreme Court's analysis in *Celina*, 452 Mich at 89, the priority language in MCL 500.3114(3) extends to the self-employment situation of Besic. With respect to the additional language comprising MCL 500.3114(3), Besic suffered "accidental bodily injury while an occupant of a motor vehicle owned or registered by [his] employer," given that MRG had leased Besic's truck. MCL 500.3101(2)(h) (including in its definition of "owner" "[a] person renting a motor vehicle or having the use thereof, under a lease or otherwise, for a period that is greater than 30 days"). Because MCL 500.3114(3) applies to the undisputed facts of this case, it dictates that Besic "shall receive personal protection insurance benefits to which [he] is entitled from the insurer of the furnished vehicle." In light of the fact that only Clearwater extended PIP benefits to the truck involved in Besic's accident, it has first priority to pay Besic's first-party benefits.

Clearwater suggests that *Smith v Continental Western Ins Co*, 169 F Supp 2d 687 (ED Mich, 2001), compels a different result. In *Smith*, the plaintiff owned a tractor registered in Indiana, and he sustained personal injuries in a Michigan accident. *Id.* at 689. The plaintiff sought PIP benefits and sued the insurers for (1) the company "with whom Plaintiff had a long-term lease to haul; (2) the short-term lessor for whom Plaintiff hauled on the day of the accident; and (3) the company" that provided bobtail coverage for the tractor. *Id.* The

federal district court ruled that although Michigan's no-fault act applied, none of the defendants bore responsibility for paying no-fault benefits because the plaintiff's personal insurer occupied a higher priority. *Id.* at 692, 695. In reaching its decision, the district court expressly and repeatedly disclaimed any consideration of MCL 500.3114(3), the controlling insurer priority provision here. *Id.* at 694 n 3, 695. Therefore, *Smith* is readily distinguishable from the instant case.[4]

Finally, Clearwater asserts in its reply brief that "there is no record to support which entity may be properly identified as [Besic's] employer: Besic Express, Inc. or MGR Express, Inc., or both." This potential distinction among employers is immaterial. In light of the undisputed fact that Besic was self-employed at the time of the accident, *Celina*, 452 Mich at 89, and MCL 500.3114(3) remain the controlling authorities.

Affirmed. Costs to Citizens and Lincoln as the prevailing parties. MCR 7.219(A).

---

[4] In any event, this Court is "not bound to follow a federal court's interpretation of state law." *Doe v Young Marines of the Marine Corps League*, 277 Mich App 391, 399; 745 NW2d 168 (2007).