# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES ERIC MOORE and LISA MOORE,

Plaintiffs-Appellants,

v

GLENDA MOORE,

Defendant-Appellee.

UNPUBLISHED
March 17, 2016

No. 324470
Wayne Circuit Court
LC No. 14-000623-CH

Before: K. F. KELLY, P.J., and FORT HOOD and BORRELLO, JJ.

PER CURIAM.

Plaintiffs appeal as of right the trial court's order granting defendant's motion for summary disposition. We reverse and remand.

This case arises from a disagreement between plaintiff James Eric Moore and his father, James M. Moore, over a 10-acre parcel of property in Romulus, Michigan.[1] Father bought the property in 1990, and son moved onto the property and has lived and operated his business from there since that time. In late 1990, father and son drew up a handwritten purchase agreement for the property, akin to a land contract. Son also asked for a deed to the property multiple times over the intervening years, but father either refused or failed to convey a deed. Relations eventually soured between son, his wife Lisa, father, and defendant, father's third wife, culminating in father's quiet-title action filed in 2013 in the Wayne Circuit Court. While that action was pending, plaintiffs sued defendant for tortious interference with a business expectancy and tortious interference with a contract.

On appeal, plaintiffs contend that the trial court erred in granting defendant's motion for summary disposition because genuine issues of material fact existed regarding whether defendant instigated father's breach of the land contract and whether defendant interfered with a valid business expectancy. We agree that the trial court erred in granting defendant's motion for summary disposition, and remand for further proceedings.

---

[1] In an effort to avoid confusion, we will hereafter refer to James M. Moore as "father" and James Eric Moore as "son."

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012).[2] In deciding a motion under MCR 2.116(C)(10), we "review[] the entire record, including affidavits, depositions, admissions, or other documentary evidence" in a light most favorable to the nonmoving party. *Gorman*, 302 Mich App at 115. To avoid dismissal on a motion for summary disposition under MCR 2.116(C)(10), the nonmoving party must "show[] by evidentiary materials that a genuine issue of disputed fact exists." *Auto Club Ins Ass'n v State Auto Mut Ins Co*, 258 Mich App 328, 333; 671 NW2d 132 (2003). See also MCR 2.116(G)(4).

"In Michigan, tortious interference with a contract or contractual relations is a cause of action distinct from tortious interference with a business relationship or expectancy." *Health Call of Detroit v Atrium Home and Health Care Servs, Inc*, 268 Mich App 83, 89; 706 NW2d 843 (2005). The elements of a tortious interference with a business relationship or expectancy are

> (1) the existence of a valid business relationship or expectancy that is not necessarily predicated on an enforceable contract, (2) knowledge of the relationship or expectancy on the part of the defendant interferer, (3) an intentional interference by the defendant inducing or causing a breach or termination of the relationship or expectancy, and (4) resulting damage to the party whose relationship or expectancy was disrupted. [*Id*. at 90.]

The elements of tortious interference with a contract, meanwhile, are "(1) the existence of a contract, (2) a breach of the contract, and (3) an unjustified instigation of the breach by the defendant." *Id*. at 89-90.

In either case, "[o]ne who alleges tortious interference with a contractual or business relationship must allege the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another." *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 382; 689 NW2d 145 (2004) (citation and quotation marks omitted). An act is wrongful per se if it is inherently wrongful or can never be justified under any circumstances. *Badiee v Brighton Area Sch*, 265 Mich App 343, 367; 695 NW2d 521 (2005). "To establish that a lawful act was done with malice and without justification, the plaintiff must demonstrate, with specificity, affirmative acts by the defendant that corroborate the improper motive of the interference." *Mino v Clio Sch Dist*, 255 Mich App 60, 78; 661 NW2d 586 (2003) (citation omitted).

---

[2] The trial court did not identify the specific legal grounds on which it granted defendant's motion for summary disposition, but the comments at the hearing suggested that it considered material beyond the pleadings in reaching its decision. Accordingly, review under the standards of MCR 2.116(C)(10) is appropriate in this case. See *Besic v Citizens Ins Co of the Midwest, 290 Mich App 19, 23; 800 NW2d 93 (2010).*

In the trial court, the judge stated ". . . the [c]ourt has previously ruled that the father and son had no legal – there was no land contract, so there is no legal relationship to interfere with. He was merely a tenant. That's what this [c]ourt has ruled, so the [c]ourt will grant [d]efendant's [m]otion for [s]ummary [d]isposition." When plaintiffs attempted to assert that a landlord-tenant relationship was a business relationship, the court stated, "Okay. I've made a ruling. You can appeal. We have a jury trial."

Here, we agree with plaintiffs that the trial court erred in its holding. The court's holding was premised on its erroneous ruling in father's quiet-title action that the purchase agreement violated the statute of frauds. However, the purchase agreement did not violate the statute of frauds because it was signed by father, the seller. *Zurcher v Herveat*, 238 Mich App 267, 277; 605 NW2d 329 (1999) ("Simply put . . . a contract for the sale of land must, to survive a challenge under the statute of frauds, (1) be in writing and (2) be signed by the seller or someone lawfully authorized by the seller in writing.") Further, in the quiet-title action, the trial court resolved a question of fact—whether son was father's tenant—against son, the nonmoving party, an impermissible judicial action on a motion for summary disposition. *Manning v City of Hazel Park*, 202 Mich App 685, 689; 509 NW2d 874 (1993). The trial judge then used that factual conclusion—which had not been conclusively established—to dispense with plaintiffs' claims in this case.

On appeal, defendant primarily asserts that there was no business expectancy or contractual relationship on which to base plaintiffs' claims. First, in regard to father's quiet-title action, we declined to determine whether the alleged land contract between father and son was valid, and remanded the issue to the trial court for further consideration. Likewise, here, we are not convinced at this point that summary disposition was proper on that basis alone, particularly given the trial court's cursory determination. Second, we do not agree that, as a matter of law, that there was no evidence of a possible business expectancy between father and son. While there was no executed lease between the parties, son presented evidence that he made substantial improvements to the property and paid the taxes. Thus, there was some evidence that son expected the relationship with his father as it related to the disputed property to continue.

Ultimately, we find the record in this case regarding the motion for summary disposition, especially as it relates to the trial court's holding, lacking. This is especially true given the trial court's erroneous conclusion. Thus, we decline to decide whether the motion for summary disposition was proper, but remand for further determination by the trial court in light of our disposition, specifically our holding that the purchase agreement did not violate the statute of frauds.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood
/s/ Stephen L. Borrello

-3-