# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL ANTHONY SAPPINGTON and
ANGELA SAPPINGTON,

Plaintiffs,

v

JOHN SHOEMAKE and TST EXPEDITED
SERVICES INC,

Defendants,

and

CHEROKEE INSURANCE COMPANY,

Defendant-Appellee,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant-Appellant.

UNPUBLISHED
October 30, 2018

No. 337994
Wayne Circuit Court
LC No. 15-009836-NI

Before: CAMERON, P.J., and RONAYNE KRAUSE and TUKEL, JJ.

PER CURIAM.

In this insurer priority case, defendant State Farm Mutual Automobile Insurance Company (State Farm) appeals by right the trial court's order denying State Farm's motion for summary disposition and granting defendant Cherokee Insurance Company (Cherokee)'s cross-motion for summary disposition. We reverse and remand.

## I. FACTUAL BACKGROUND

Defendant TST Expedited Services, Inc (TST) is a shipping company that paid plaintiff Michael Sappington (Sappington) to drive a commercial truck hauling TST's cargo. TST obtained a commercial automobile insurance policy for the truck through Cherokee. Sappington

-1-

was seriously injured when his co-driver, John Shoemake, drove the truck off the road while Sappington slept in the back. Sappington filed suit against TST, Shoemake, and Cherokee. TST and Shoemake were both dismissed by stipulation.

However, Cherokee asserted that it was not the highest priority insurer under the Michigan No-Fault Act, MCL 500.3101 *et seq*. Specifically, Sappington was the named insured on a Michigan No-Fault insurance policy, issued by State Farm, covering his personal vehicle. Therefore, Sappington filed an amended complaint naming State Farm as a defendant. Cherokee and State Farm then filed competing motions for summary disposition regarding their respective priority. The trial court held a hearing at which it ruled in favor of Cherokee. State Farm and Sappington settled, subject to State Farm reserving the right to challenge its priority relative to Cherokee. Therefore, the relative priority between State Farm and Cherokee is the only issue remaining in this matter.

## II. STANDARD OF REVIEW

A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When reviewing a motion under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint, this Court considers all evidence submitted by the parties in the light most favorable to the nonmoving party and grants summary disposition only when the evidence fails to establish a genuine issue regarding any material fact. *Id*. at 120. "Moreover, questions involving the proper interpretation of a contract or the legal effect of a contractual clause are also reviewed de novo," with the words used in the contract given "their plain and ordinary meaning that would be apparent to a reader of the instrument." *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). The interpretation and application of statutes, rules, and legal doctrines is likewise reviewed de novo. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008).

## III. DEFAULT INSURER PRIORITY

Under the No-Fault Act, MCL 500.3101 *et seq*., the priority of insurers is governed by MCL 500.3114. See *Corwin v DaimlerChrysler Ins Co*, 296 Mich App 242, 254; 819 NW2d 68 (2012). "[T]he general rule is that one looks to a person's own insurer [under MCL 500.3101(1)] for no-fault benefits unless one of the statutory exceptions [under MCL 500.3114(2), (3), or (5)] applies." *Parks v Detroit Auto Inter-Ins Exch*, 426 Mich 191, 202-203; 393 NW2d 833 (1986). Cherokee was the insurer of the truck involved in the accident. However, because Sappington was the named insured on a no-fault policy issued by State Farm covering Sappington's personal vehicle, State Farm is Sappington's "own insurer." Therefore, unless a statutory exception applies, State Farm is the priority insurer by default.

The parties agree that only one exception has any possible applicability:

An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection

insurance benefits to which the employee is entitled from the insurer of the furnished vehicle. [(MCL 500.3114(3).]

The above exemption depends on who "owned" the truck and whether that owner "employed" Sappington, within the meanings given to those words by the no-fault act. An "owner" of a vehicle includes "A person renting a motor vehicle or having the use of a motor vehicle, under a lease or otherwise, for a period that is greater than 30 days." MCL 500.3101(2)(*l*)(i). The no-fault act does not expressly define "employer" or "employee."

## IV. OWNERSHIP OF THE TRUCK

An entity called Truck Forward, Inc, which may also go by the name Truck Depot Expedite, is the registered owner of the truck in Ohio. Plaintiffs leased the truck from Truck Forward. The lease was entered into on January 12, 2014, and thus had been in effect for more than 30 days by the time of the accident. Plaintiffs were therefore "owners" of the truck pursuant to MCL 500.3101(2)(*l*)(i). Plaintiffs then leased the truck to TST. These facts are functionally indistinguishable from a lease described in *Besic v Citizens Ins Co*, 290 Mich App 19, 21-22; 800 NW2d 93 (2010). In *Besic*, the injured party was the title owner of the vehicle, but similarly leased it to a shipping company and was deemed to remain an "owner." *Id*. at 32. State Farm argues that "it was undisputed that TST and Mr. Sappington were both statutory owners of" the truck here. We find no such stipulation in the record,[1] but we agree that pursuant to MCL 500.3101(2)(*l*)(i) and *Besic*, Sappington and TST both "owned" the truck for purposes of the no-fault act.

## V. SAPPINGTON'S EMPLOYMENT STATUS

Cherokee argues that Sappington was an independent contractor of TST,[2] and therefore he cannot ever be considered an "employee" *of anyone* under the no-fault act. The trial court failed to develop a factual record addressing this issue. Nevertheless, although that omission is disappointing, we reject Cherokee's argument as a matter of law.

Our Supreme Court has unambiguously established that a person can simultaneously be both an employer and an employee under the no-fault act. *Celina Mut Ins Co v Lake States Ins Co*, 452 Mich 84, 87-90; 549 NW2d 834 (1996). In particular, someone who is self-employed is an employee of himself. *Id*. This Court further explained that a person can be a self-employed independent contractor and retain the status of both employer and employee. *Besic*, 290 Mich App at 31-32. Both cases are holdings as a matter of law: if a person is self-employed, that person is necessarily both employer and employee for purposes of MCL 500.3114(3). Therefore,

---

[1] Although Cherokee does not stipulate to the ownership of the truck, Cherokee does not affirmatively dispute the issue.

[2] For purposes of resolving the instant appeal, we accept this assertion at face value. However, in the absence of a proper record developed by the trial court, we do not expressly decide it.

if Sappington is an independent contractor of TST, then Sappington is necessarily an employee of himself.

Cherokee correctly observes that "[a]n independent contractor is not considered an 'employee' for purposes of the no-fault act." *Adanalic v Harco Nat'l Ins Co*, 309 Mich App 173, 191; 870 NW2d 731 (2015). However, *Adanalic* clearly addressed only whether a person could simultaneously be an employee and an independent contractor of the same entity at the same time. Furthermore, *Adanalic* is consistent with *Celina* and *Besic*. In the latter cases, the injured parties owned the vehicles in which they were injured. *Celina*, 452 Mich at 86; *Besic*, 290 Mich App at 21. In *Adanalic*, the injured party owned a truck, but his injuries involved his occupancy of a semi-trailer that he did not own. *Adanalic*, 309 Mich App at 177-178. In all three cases, the courts were called upon to determine whether an owner of the occupied vehicle employed the injured party. Because the injured party in *Adanalic* did not own the vehicle in which he was injured, his self-employment status was irrelevant.

If Sappington was an independent contractor of TST, *Adanalic* only establishes that Sappington was not an employee of TST. Binding case law rejects Cherokee's argument that Sappington's status as an independent contractor necessarily precludes him from being an employee of *anyone*. The trial court's failure to conduct an analysis under the economic reality test, *Adanalic*, 309 Mich App at 190-194, makes our review significantly more difficult, but on the peculiar facts and circumstances of this case, we find it ultimately harmless. We are left with no option but to find that Sappington was, under the circumstances, an employee of himself.

## VI. CONCLUSION

Pursuant to *Celina* and *Besic*, and accepting Cherokee's assertion at face value that Sappington was an independent contractor of TST, Sappington was employed by himself. Pursuant to MCL 500.3101(2)(*l*)(i) and *Besic*, Sappington "owned" the truck in which he was injured pursuant to his employment. As a consequence, Sappington was "employed" by an "owner" of the truck under MCL 500.3114(3). That exception to the default priority of insurers therefore applies. Although we need not resolve the factual issue, we note that in the alternative, if Sappington was an employee of TST, then he would again be an employee of an owner of the truck. In either circumstance, because Cherokee insured the truck, Cherokee was the priority insurer as a matter of law.

The trial court's grant of summary disposition in favor of Cherokee and denial of summary disposition in favor of State Farm are both reversed, and we remand for any further proceedings the trial court deems necessary in light of the various settlement agreements. We do not retain jurisdiction. State Farm, being the prevailing party, may tax costs. MCR 7.219(A).

/s/ Amy Ronayne Krause
/s/ Jonathan Tukel

-4-