*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LI YUN YEE,

       Plaintiff-Appellee,

v

AAA INSURANCE, doing business as
MEMBERSELECT INSURANCE COMPANY,

       Defendant-Appellant.

UNPUBLISHED
February 24, 2022

No. 356603
Wayne Circuit Court
LC No. 2019-004205-NF

Before: RICK, P.J., and MURRAY and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right from the stipulated judgment in favor of plaintiff, arguing that the trial court erred when it refused to grant summary disposition to defendant regarding plaintiff's underinsured motorist (UIM) benefits claim. We reverse and remand for entry of a judgment on the UIM claim in favor of defendant.

## I. FACTS AND PROCEDURAL BACKGROUND

Plaintiff and her husband, Michael Yee, purchased a no-fault insurance policy in October 2016 for plaintiff's 2003 Honda CR-V and her husband's 2013 Ford Escape. Plaintiff and her husband paid separate premiums for uninsured (UM) and UIM coverage of up to $250,000 per person. These premiums were paid separately for each vehicle.

Plaintiff's insurance policy provides UIM coverage:

1. Subject to the Definitions, Exclusions, Conditions and Limits of Liability of this policy, we will pay damages for bodily injury to an insured person which:

a. is caused by accident; and

b. arises out of the ownership, operation, maintenance or use of an underinsured motor vehicle; and

-1-

c. that insured person suffers death, serious impairment of bodily function or permanent serious disfigurement; and

d. that insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle.

2. We will pay under this coverage only after the Limits of Liability under all applicable bodily injury liability bonds and policies have been exhausted by payment of judgments or settlements.

Plaintiff's policy defines underinsured motor vehicles, in part:

4. Underinsured Motor Vehicle means a motor vehicle whose ownership, maintenance or use has resulted in bodily injury of an insured person and for which the sum of the Limits of Liability under all bodily injury liability insurance policies, bonds or other security required to be maintained under law applicable to the driver or to the person or organization legally responsible for such vehicle and applicable to the vehicle is less than the limits of Underinsured Motorists Coverage provided the insured person at the time of the accident.

5. Uninsured Motor Vehicle and Underinsured Motor Vehicle does not include any motor vehicle which is:

a. owned by you or any resident of your household;

b. furnished or available for the frequent or regular use of you or any resident of your household[ . . . .]

In July 2018, plaintiff was injured in a car accident as a passenger in her husband's Ford. Plaintiff settled her negligence claim against her husband for $20,000, the liability limit of his bodily injury coverage. While her husband's bodily injury insurance initially provided up to $250,000 of coverage, this amount was reduced to $20,000 under his policy due to his relationship with plaintiff.

Plaintiff filed a claim for UIM benefits, arguing the expenses for her injuries exceeded the liability limits imposed by defendant on her husband, which rendered him underinsured. Defendant informed plaintiff UIM benefits were not covered, and plaintiff initiated this suit. Plaintiff and defendant moved for partial summary disposition.

The trial court determined "under the terms of the exclusion provision, Plaintiff is not precluded from under insured [sic] motorist coverage[,]" but concluded there was a conflict between the two underinsured motor vehicle provisions, creating a question of material fact. The trial court denied defendant's motion for summary disposition of plaintiff's UIM claim, but granted defendant's motion for summary disposition of plaintiff's UM claim under MCR 2.116(C)(8), as improperly pleaded. The trial court entered a stipulated judgment awarding plaintiff $230,000, staying the judgment's execution until defendant had exhausted its appellate remedies. This appeal followed.

## II. ANALYSIS

The trial court erred in denying defendant's motion for summary disposition of plaintiff's UIM claim.

"An issue is preserved for appeal if it was raised, addressed, and decided by the trial court." *George v Allstate Ins Co*, 329 Mich App 448, 453; 942 NW2d 628 (2019). While defendant's argument that plaintiff was not entitled to UIM benefits was properly preserved, plaintiff's contention that her policy is ambiguous regarding how the reduction of bodily injury coverage for under her husband's plan impacts his insured status is unpreserved, because plaintiff introduces this argument for the first time on appeal. When considering unpreserved arguments, "this Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented[.]" *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006).

"This Court reviews de novo the trial court's decision to grant or deny summary disposition." *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005) (citation and footnote omitted). "In reviewing the motion, the pleadings, affidavits, depositions, admissions, and any other admissible evidence are viewed in the light most favorable to the nonmoving party." *Id.* (citation and footnote omitted). "Summary disposition under MCR 2.116(C)(10) is warranted when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Jeffrey-Moise v Williamsburg Town Houses Coop, Inc*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 351813); slip op at 2. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id.* (quotation marks and citation omitted).

"The proper interpretation of a contract is a question of law, which this Court reviews de novo." *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 47; 664 NW2d 776 (2003). "The same standard applies to the question of whether an ambiguity exists in an insurance contract." *Id.* "Accordingly, we examine the language in the contract, giving its ordinary and plain meaning if such would be apparent to a reader of the instrument." *Id.*

"Insurance policies are subject to the same contract construction principles that apply to any other species of contract." *Rory*, 473 Mich at 461. "[U]nless a contract provision violates law or one of the traditional defenses to the enforceability of a contract applies, a court must construe and apply unambiguous contract provisions as written." *Id.* "Like uninsured-motorist benefits, underinsured-motorist coverage is not required by Michigan law, and the terms of coverage are controlled by the language of the contract itself, not by statute." *Dawson v Farm Bureau Mut Ins Co of Mich*, 293 Mich App 563, 568; 810 NW2d 106 (2011). "After ascertaining the meaning of a contract's terms, a court must construe and apply unambiguous contract provisions as written." *Auto-Owners Ins Co v Seils*, 310 Mich App 132, 145; 871 NW2d 530 (2015) (quotation marks and citation omitted). "A contract is ambiguous when, after considering the entire contract, its words may reasonably be understood in different ways." *Id.* at 146. "Thus, when a fair reading of the entire contract of insurance leads one to understand that there is coverage under particular circumstances and another fair reading of it lends one to understand there is no coverage under the same circumstances the contract is ambiguous." *Id.* (quotation marks and citation omitted). "An

ambiguous provision in an insurance contract is construed against the insurer and in favor of coverage." *Id.*

Whether an insured is entitled to insurance benefits requires application of a two-part analysis. *Besic v Citizens Ins Co of the Midwest*, 290 Mich App 19, 24; 800 NW2d 93 (2010). "First, we determine if the policy provides coverage to the insured." *Id.* at 24-25 (quotation marks and citation omitted). "An insurer is free to define or limit the scope of coverage as long as the policy language fairly leads to only one reasonable interpretation and is not in contravention of public policy." *Id.* at 25 (quotation marks and citation omitted). "If the policy does supply coverage, we then ascertain whether that coverage is negated by an exclusion. It is the insured's burden to establish that his claim falls within the terms of the policy." *Id.* (quotation marks and citation omitted). However, "[w]hile it is the insured's burden to establish that his claim falls within the terms of the policy, the insurer should bear the burden of proving an absence of coverage." *Mich Battery Equip Inc v Emcasco Ins Co*, 317 Mich App 282, 284; 892 NW2d 456 (2016) (quotation marks and citation omitted).

Before we consider the applicability of any exclusionary clauses, we must first determine whether plaintiff's claim is covered by her policy. *Besic*, 290 Mich App at 24-25. Defendant contends there is no coverage because the vehicle in question did not qualify as an underinsured motor vehicle under plaintiff's insurance policy. In response, plaintiff contends the language of her policy is ambiguous and therefore must be interpreted in favor of coverage. The relevant portions of the two provisions provide:

> 4. Underinsured Motor Vehicle means a motor vehicle whose ownership, maintenance, or use has resulted in bodily injury of an insured person and for which the sum of the Limits of Liability under all bodily injury liability insurance policies, bonds, or other security required to be maintained under law applicable to the driver or to the person or organization legally responsible for such vehicle and applicable to the vehicle is less than the limits of Underinsured Motorists Coverage provided the insured person at the time of the accident.

> 5. Uninsured Motor Vehicle and Underinsured Motor Vehicle does not include any motor vehicle which is:

> a. owned by you or any resident of your household . . . .

These clauses do not conflict. A fair reading of the clauses together, in the context of plaintiff's policy as a whole, yields one reasonable interpretation: paragraph 4 defines the term underinsured motor vehicle generally, while paragraph 5 identifies exclusions to the definition. Paragraph 5 is, essentially, an exclusionary provision. It serves the same purpose as the other exclusionary clauses in plaintiff's policy: to narrow the applicability of coverage under the general definition in certain circumstances.

"An insurer is free to define or limit the scope of coverage as long as the policy language fairly leads to only one reasonable interpretation and is not in contravention of public policy." *Besic*, 290 Mich App at 25 (quotation marks and citation omitted). Additionally, "[c]lear and specific exclusionary provisions must be given effect, but are strictly construed against the insurer

and in favor of the insured." *Hastings Mut Ins Co v Safety King, Inc*, 286 Mich App 287, 292; 778 NW2d 275 (2009). The language in the fifth paragraph is clear and specific: while a motor vehicle owned by the policyholder or any household resident of the policyholder may qualify as an underinsured motor vehicle under the broad definition in the fourth paragraph, the fifth paragraph explicitly and clearly modifies the definition to exclude such vehicles from the definition. Even strictly construed against defendant, the language clearly narrows the overall definition of underinsured motor vehicle, and leaves no room for alternative reasonable interpretations.

Because there is no ambiguity in plaintiff's policy, it must be interpreted as written. *Seils*, 310 Mich App at 145. Plaintiff's policy clearly excludes vehicles owned by the policyholder, or residents of their household, from the definition of underinsured motor vehicle. Plaintiff does not contest her husband, with whom she lives, is the owner of the vehicle she claims is underinsured. This is also reflected in the renewal declaration certificates for both vehicles, which assign both vehicles the same address, which is also the address listed for plaintiff's husband. Because the vehicle in question falls within this exclusion, it is not an underinsured motor vehicle under plaintiff's policy, and plaintiff is not entitled to UIM benefits, regardless of the inapplicability of any subsequent exclusions.

Plaintiff's contention that her policy is ambiguous regarding how defendant's reduction of her husband's bodily injury coverage impacts his insured status is irrelevant. Plaintiff asserts this argument for the first time on appeal. While "this Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented," *Smith*, 269 Mich App at 427, there is no manifest injustice from refusing to consider this claim nor is its determination necessary for the resolution of this case. Defendant did not argue against plaintiff's assertion that the clause reducing her husband's bodily injury coverage to $20,000 rendered him underinsured. Instead, defendant's contention is, regardless of her husband's insured status, plaintiff cannot recover UIM benefits because the car in which she sustained her injuries did not qualify as an underinsured motor vehicle—not because plaintiff's husband was not underinsured, but because the car in question was owned by a member of plaintiff's household.

We likewise reject plaintiff's argument that she is seeking coverage because her husband was an "underinsured motorist" and not because she was injured in an underinsured motor vehicle. Plaintiff's argument is based on her husband's status as an "underinsured motorist" under the definition of underinsured motor vehicle, but the paragraph plaintiff cites does not reference underinsured motorists, only "Underinsured Motorists Coverage[.]" Furthermore, under plaintiff's policy, UIM coverage requires defendant to:

[P]ay damages for bodily injury to an insured person which:

a. is caused by accident; and

b. arises out of the ownership, operation, maintenance or use of an underinsured motor vehicle; and

c. that insured person suffers death, serious impairment of body function or permanent serious disfigurement; and

d. that insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle.

In this respect, plaintiff's UIM coverage is limited to an injury resulting from an accident concerning an underinsured motor vehicle, not an underinsured motorist. Because the unambiguous language of the contract precludes the Ford driven and owned by plaintiff's husband at the time of the accident from qualifying as an underinsured motor vehicle, plaintiff cannot recover.[1]

Plaintiff's contention that she is claiming benefits under the coverage for her Honda, and not the coverage for her husband's Ford, similarly lacks merit. Plaintiff is of course filing her claim under her own coverage, because she already claimed the maximum benefits provided by her husband's bodily injury coverage, which did not cover all her injuries. However, the exclusionary provision under plaintiff's policy precludes the Ford owned by plaintiff's husband from qualifying as an underinsured motor vehicle, and therefore plaintiff cannot claim UIM benefits.

Because there is no coverage, we need not decide whether an exclusion applies. *Besic*, 290 Mich App at 25.

Reversed and remanded for entry of a judgment in favor of defendant on plaintiff's UIM claim. We do not retain jurisdiction. Having prevailed in full, defendant may tax costs.

/s/ Michelle M. Rick
/s/ Christopher M. Murray
/s/ Douglas B. Shapiro

---

[1] *Lee v Detroit Auto Inter-Ins Exch*, 412 Mich 505; 315 NW2d 413 (1982), does not affect this analysis. While the *Lee* Court acknowledged that "it is the policy of the no-fault act that persons, not motor vehicles, are insured against loss[,]" *Lee*, 412 Mich at 509 (footnote omitted), this analysis does not run contrary to defendant's interpretation plaintiff's policy. There is no dispute that it is plaintiff, not her car or her husband's car, that is insured under her policy.