INTEGRAL INSURANCE COMPANY v MAERSK CONTAINER
SERVICE COMPANY, INC

Docket Nos. 148914, 149038. Submitted January 12, 1994, at Detroit.
Decided May 24, 1994; approved for publication July 25, 1994,
at 9:30 A.M. Leave to appeal sought.

Integral Insurance Company brought an action in the Wayne
Circuit Court against Maersk Container Service Company, Inc.,
and Ralph E. Scott, and a separate action against those defendants and Insurance Company of North America, seeking determinations regarding liability for no-fault insurance benefits for
Scott. The actions were consolidated in the circuit court. Scott
was injured when the semitrailer and tractor truck he was
driving overturned. The semitrailer was loaded with cargo for
Maersk. Scott, who owned the tractor, had leased it to Maersk,
pursuant to a ninety-day lease, at the time of the accident.
Pursuant to the lease, Maersk agreed to procure and maintain
liability insurance covering bodily injury and property damage
for the tractor, and Scott agreed to procure "bobtail" insurance
and worker's compensation insurance. "Bobtail" insurance generally insures the tractor and driver when it is operated
without cargo or a semitrailer. INA issued a no-fault policy to
Maersk that covered the tractor, and Integral issued a "bobtail" policy to Scott that expressly excluded coverage while the
tractor was being used to carry property for business and while
the tractor was being used for the business of anyone who
leased it. The trial court, Susan D. Borman, J., held that the
exclusion clause contained in Integral's policy was contrary to
public policy. The issues then focused on which insurer was
primarily responsible for Scott's personal protection insurance
(PIP) benefits. The court deferred the decision whether Scott was
an employee of Maersk to the hearing referee who was deciding
a separate worker's compensation claim filed against Maersk
by Scott. The referee ruled that Scott was an employee of
Maersk, and the trial court entered an order of summary

REFERENCES

Am Jur 2d, Automobile Insurance § 351; Workers' Compensation
§§ 56, 143, 263.
See ALR Index under Automobile Insurance; Workers' Compensation.

disposition finding INA first in priority to pay Scott's PIP benefits, pursuant to MCL 500.3114(3); MSA 24.13114(3). The Worker's Compensation Appellate Commission, finding that Scott was not an employee, reversed the referee's decision. Maersk appealed from the trial court's order granting summary disposition for Integral (Docket No. 148914). INA appealed from the same order (Docket No. 149038). Integral cross appealed in both appeals. The appeals were consolidated.

The Court of Appeals *held:*

1. The trial court erred in refusing to determine whether Scott was an employee for purposes of no-fault coverage and deferring the decision to the hearing referee. The court had jurisdiction to determine the fundamental issue whether an employer-employee relationship existed and should have decided on its own whether Scott was an employee of Maersk for purposes of applying MCL 500.3114(3); MSA 24.13114(3).

2. The trial court erred in holding that the exclusionary clause in the policy issued by Integral was void because it was contrary to public policy. An exclusionary clause is not per se invalid simply because it is not specifically provided for in the no-fault act. Taken together, as allowed under MCL 257.520(j); MSA 9.2220(j), the policy issued by INA and the policy issued by Integral provided continuous insurance coverage of the tractor as required by the motor vehicle financial responsibility act, MCL 257.501 *et seq.*; MSA 9.2201 *et seq.* The policy issued by Integral is not void, and the exclusionary clause contained therein is applicable in this action.

3. Both Scott and Maersk were owners of the tractor under the no-fault act, MCL 500.3101(2)(g); MSA 24.13101(2)(g). Therefore, both were required to maintain security for the payment of benefits under personal protection insurance. Here, INA is responsible for the PIP benefits because Integral's policy did not provide coverage when Scott was hauling cargo on Maersk's behalf.

4. The trial court reached the correct result, but for the wrong reasons.

Order of summary disposition affirmed.

1. WORKER'S COMPENSATION — COURTS — DETERMINATION REGARDING EMPLOYMENT RELATIONSHIP — INJURY IN COURSE OF EMPLOYMENT.

Although the Bureau of Worker's Disability Compensation has exclusive jurisdiction to decide whether a worker's injury was suffered in the course of employment, the courts retain the jurisdiction to determine the fundamental issue whether an employee-employer relationship exists.

2. INSURANCE — NO-FAULT ACT.

    Public policy prevents an automobile liability insurance policy from containing exclusions not specifically authorized by the Legislature; however, an exclusionary clause is not per se invalid simply because it is not specifically provided for in the no-fault act (MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*).

3. INSURANCE — MOTOR VEHICLE FINANCIAL RESPONSIBILITY ACT — SCOPE OF COVERAGE — FULFILLING REQUIREMENTS — MULTIPLE CARRIERS.

    The scope of coverage regarding an automobile accident is determined by the motor vehicle financial responsibility act, which provides that the requirements for a motor vehicle liability policy may be fulfilled by combining the policies of one or more insurance carriers (MCL 257.520[j]; MSA 9.2220[j]).

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton, P.C.* (by *Michael L. Updike*), for Integral Insurance Company.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Thomas F. Kauza* and *William F. Rivard*), for Maersk Container Service Company, Inc.

*Martin, Bacon & Martin, P.C.* (by *John W. Crimando*), for Insurance Company of North America.

Before: HOOD, P.J., and R. J. DANHOF* and J. STEMPIEN,** JJ.

PER CURIAM. In Docket No. 148914, Maersk Container Service Company, Inc., appeals as of right from the circuit court's order granting the motion for summary disposition of plaintiff Integral Insurance Company pursuant to MCR 2.116(C)(10). Although it prevailed, Integral cross appeals as of right from certain conclusions of law reached by the circuit court. In Docket No. 149038, Insurance Company of North America (INA) also appeals

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1993-6.

** Circuit judge, sitting on the Court of Appeals by assignment.

as of right from the same order. Integral also cross appeals in Docket No. 149038. We consolidated the appeals and affirm.

This case involves a dispute between no-fault insurers regarding the primary liability to Ralph Scott for injuries he sustained on May 4, 1989, when the semitrailer and truck tractor he was driving overturned in Pennsylvania. Although the tractor was owned by Scott and registered in Michigan, Scott leased it to Maersk on April 4, 1989, for ninety days. Under the terms of the lease, Maersk agreed to procure and maintain liability insurance covering bodily injury and property damage for the tractor. Scott agreed to procure "bobtail" insurance and worker's compensation insurance.

INA issued a policy to Maersk covering personal injury protection for automobiles subject to no-fault. Scott's tractor was covered under the policy. Integral issued a "bobtail" policy to Scott that expressly excluded coverage (1) while the tractor was being used to carry property for business and (2) while the tractor was being used for the business of anyone who leased the tractor. Apparently, the lease and insurance arrangement between Scott and Maersk is very common in the trucking industry.

There is no dispute that at the time of the accident, Scott was hauling a trailer attached to the tractor and that the trailer was loaded with cargo for Maersk. Integral contended that INA's policy covered Scott and was primarily liable because Integral's policy excluded coverage when Scott was hauling cargo for a company to whom the tractor was leased. Integral and INA each agreed to contribute fifty percent of Scott's personal protection insurance (PIP) benefits during their dispute regarding priority. Integral filed sep-

arate lawsuits against Maersk and INA that were later consolidated. Initially, the trial court held that the exclusion clause contained in Integral's policy was contrary to public policy and therefore void. Thus, the issues focused on which policy was primarily responsible for Scott's PIP benefits.

The no-fault act provides that owners or registrants of motor vehicles shall maintain security for payment of benefits under personal protection insurance, as well as property and residual liability insurance. MCL 500.3101(1); MSA 24.13101(1). The act also requires insurers to pay PIP benefits to their policyholders for injuries resulting from automobile accidents regardless of fault. MCL 500.3105; MSA 24.13105. Because Scott was entitled to PIP benefits under MCL 500.3111; MSA 24.13111, it is necessary to determine which insurance company is liable for those benefits.

In determining their respective priorities, the parties argued at length in the trial court regarding the application of MCL 500.3114; MSA 24.13114, which provides in relevant part:

> (1) Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident.
>
>       *   *   *
>
> (3) An employee . . . who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle.

The trial court deferred its decision whether Scott

was an employee of Maersk to the hearing referee who was deciding a worker's compensation claim filed against Maersk by Scott. The referee eventually ruled that Scott was an employee of Maersk. Afterward, the trial court entered an order finding that INA was first in priority to pay Scott's PIP benefits under MCL 500.3114(3); MSA 24.13114(3). However, the Worker's Compensation Appellate Commission subsequently reversed the referee's decision, finding that Scott was not an employee.[1] Thus, the basis for the circuit court's order no longer holds true.

This Court agrees with Maersk and INA that the trial court erred in refusing to determine whether Scott was an employee for purposes of no-fault and deferring its decision to the hearing referee. Although the bureau has exclusive jurisdiction to decide whether injuries suffered by an employee were in the course of employment, the courts have jurisdiction to determine the fundamental issue whether an employee-employer relationship exists. *Sewell v Clearing Machine Corp,* 419 Mich 56, 62; 347 NW2d 447 (1984); *Amerisure Ins Cos v Time Auto Transportation, Inc,* 196 Mich App 569, 572; 493 NW2d 482 (1992). The trial court should have decided on its own whether Scott was an employee of Maersk for purposes of applying MCL 500.3114(3); MSA 24.13114(3).

Regardless of the court's error, this Court finds that the court also erred in holding that the bobtail policy was void as contrary to public policy. The scope of coverage regarding an automobile accident is determined by the financial responsibility act, MCL 257.501 *et seq.*; MSA 9.2201 *et seq.*

---

[1] An application for leave to appeal the WCAC's decision was filed and was denied by this Court. *Scott v Maersk Container Service Co, Inc,* unpublished order of the Court of Appeals, issued March 18, 1994 (Docket No. 170422).

*State Farm Mutual Automobile Ins Co v Snappy Car Rental, Inc,* 196 Mich App 143, 146; 492 NW2d 500 (1992). Public policy prevents an automobile liability insurance policy from containing exclusions not specifically authorized by the Legislature. However, an exclusionary clause is not per se invalid simply because it is not specifically provided for in the no-fault act. *Id.,* p 147.

Generally, a "bobtail" policy is a policy that insures the tractor and driver of a rig when it is operated without cargo or a trailer. The policy issued by Integral to Scott contained the following exclusion:

> This insurance does not apply to:
> 1. A covered auto while used to carry property in any business.
> 2. A covered auto while used in the business of anyone to whom the auto is rented.

Integral's policy provided coverage only when Scott was not hauling cargo for a business or when Scott was not hauling cargo for a business to whom the tractor was rented. Admittedly, the policy itself does not provide full coverage. However, the tractor was fully covered under no-fault by the addition of INA's policy that provided coverage when Scott was hauling cargo on behalf of Maersk. This is allowed under MCL 257.520(j); MSA 9.2220(j), which provides:

> The requirements for a motor vehicle liability policy may be fulfilled by the policies of 1 or more insurance carriers which policies together meet such requirements.

Taken together, the policy issued by INA and the bobtail policy issued by Integral provided continuous insurance coverage to the tractor as required

by the motor vehicle financial responsibility act. See also *State Farm Mutual Automobile Ins Co v Auto-Owners Ins Co,* 173 Mich App 51, 54; 433 NW2d 323 (1988). Accordingly, we hold that the policy issued by Integral is not void, and therefore the trial court's ruling was erroneous.

Thus, the issues related to the trial court's decision that INA was first in priority for paying Scott's PIP benefits under MCL 500.3114(3); MSA 24.13114(3) because he was an employee of Maersk are irrelevant because Integral's exclusion is applicable. We further find that both Scott and Maersk were owners of the tractor under the no-fault act as defined under MCL 500.3101(2)(g); MSA 24.13101(2)(g):

> "Owner" means any of the following:
> (i) A person renting a motor vehicle or having the use thereof, under a lease or otherwise, for a period that is greater than 30 days.
> (ii) A person who holds the legal title to a vehicle, other than a person engaged in the business of leasing motor vehicles who is the lessor of a motor vehicle pursuant to a lease providing for the use of the motor vehicle by the lessee for a period that is greater than 30 days.

Maersk leased the vehicle for ninety days and Scott held legal title to the tractor. Therefore, as owners of a motor vehicle, Scott and Maersk were required to maintain security for payment of benefits under personal protection insurance. MCL 500.3101(1); MSA 24.13101(1). However, as previously stated, INA is responsible for the PIP benefits because Integral's policy did not provide coverage when Scott was hauling cargo on Maersk's behalf.

Therefore, we affirm the summary disposition order despite the erroneous conclusions reached by the court. This Court will not reverse a trial

court's decision where it reached the correct result, but for the wrong reason. *Bonner v Chicago Title Ins Co,* 194 Mich App 462, 472; 487 NW2d 807 (1992). In light of our disposition, we decline to address the remaining issues raised by the parties.

Affirmed.