*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL VANTOL,

      Plaintiff,

v

HOME-OWNERS INSURANCE COMPANY,

      Defendant-Cross-Plaintiff-
      Appellant,

and

PROGRESSIVE MICHIGAN INSURANCE
COMPANY,

      Defendant-Cross-Defendant-
      Appellee,

and

PROGRESSIVE MARATHON INSURANCE
COMPANY,

      Defendant.

UNPUBLISHED
October 22, 2019

No. 345639
Iosco Circuit Court
LC No. 17-000501-NF

Before: STEPHENS, P.J., and SERVITTO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Home-Owners Insurance Company (Home-Owners) appeals as of right the trial court order granting summary disposition in favor of Progressive Michigan Insurance Company (Progressive) and denying Home-Owners motion for summary disposition. We affirm.

Plaintiff, Michael Vantol, filed a complaint against defendants in April 2017 asserting that he was injured in a July 12, 2016 automobile accident while driving a commercial semi-

tractor with an attached trailer. Vantol alleged that, despite that the vehicle was covered by policies of insurance issued by both Home-Owners and Progressive, both refused to provide him all of the personal protection insurance (PIP) benefits owed to him under the no-fault act, MCL 500.3101 *et seq.*[1] Home-Owners thereafter filed a cross-complaint against Progressive, asserting that Home-Owners has paid no fault-benefits to plaintiff and that, because both Home-Owners and Progressive were equal in order of priority for payment of the benefits, Home-Owners was entitled to partial recoupment from Progressive of the benefits it had paid.

Progressive moved for summary disposition on plaintiff's complaint and Home-Owners cross-complaint pursuant to MCR 2.116(C)(10). Progressive argued that at the time of the accident, Vantol was self-employed by Hammer Transport, LLC (Hammer) and leased the 2001 International semi-tractor involved in the accident to Short Transit, LLC (Short) under a long-term lease agreement. According to Progressive, Short obtained an insurance policy on the vehicle with Home-Owners and plaintiff obtained a "bobtail" insurance policy[2] on the vehicle with Progressive. Progressive averred that the July 2016 accident at issue occurred when Vantol was driving the semi-tractor under dispatch with Short and while carrying a load for them, and that Progressive's policy contains an exclusion for PIP coverage while the vehicle was leased to anyone other than the named insured or while being used to transport goods for anyone other than the named insured. Progressive thus argued that its policy exclusion applied and it was not liable for the payment of PIP benefits to Vantol. Home-Owners argued that it, not Progressive, was entitled to summary disposition under MCR 2.116(I)(2). Home-Owners claimed that prevailing law provides that an insurer cannot avoid its mandatory statutory responsibility for PIP benefits by inserting a policy exclusion that is contrary to the no-fault act, which is what Progressive did. Home-Owners thus asserted that it and Progressive are equal in priority for the payment of Vantol's PIP benefits and that it is entitled to partial recoupment from Progressive for the PIP benefits that Home-Owners had paid thus far. The trial court granted Progressive's motion for summary disposition and denied Home-Owners' counter-motion for summary disposition.[3] Home-Owners now challenges the trial court's summary disposition rulings on appeal.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Auto-Owners Ins Co v Campbell-Durocher Group Painting & Gen Contracting, LLC*, 322 Mich App 218, 224; 911 NW2d 493 (2017). A motion under MCR 2.116(C)(10) tests the factual

---

[1] Defendant Progressive Marathon Insurance Company was dismissed as a party by a stipulated order entered July 27, 2017.

[2] "Bobtailing" is trucking parlance for driving a tractor without an attached trailer. *Hunt v Drielick*, 496 Mich 366, 373; 852 NW2d 562 (2014). The purpose of a "bobtail" insurance policy generally is to provide insurance coverage when the tractor is being operated without a trailer or with an empty trailer, and is not being operated in the business of a carrier. *Id.* at 376.

[3] Plaintiff settled its claim with Home-Owners and the parties stipulated to dismissal of plaintiff's complaint with prejudice. The trial court entered the order of dismissal on September 6, 2017.

support of a plaintiff's claim, and is reviewed by considering the pleadings, admissions, and other admissible evidence submitted by the parties in the light most favorable to the nonmoving party. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). A genuine issue of material fact exists when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party. *Lakeview Commons v Empower Yourself*, 290 Mich App 503, 506; 802 NW2d 712 (2010). Issues of statutory interpretation are questions of law that this Court reviews de novo. *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 525–526; 697 NW2d 895 (2005).

The rules of contract interpretation apply to the interpretation of insurance contracts. *McGrath v Allstate Ins Co*, 290 Mich App 434, 439; 802 NW2d 619 (2010). The language of insurance contracts is to be read as a whole, must be construed to give effect to every word, clause, and phrase and, when the policy language is clear, a court must enforce the specific language of the contract. *Id.* "Clear and specific exclusionary clauses must be given effect, but are strictly construed in favor of the insured." *McKusick v Travelers Indem Co*, 246 Mich App 329, 333; 632 NW2d 525 (2001).

Home-Owners and Progressive agree that they are equal in priority for purposes of PIP benefit payments because each had a policy of insurance in place on the semi-tractor. There also appears to be no argument that the policy exclusion at issue is unclear, unspecific, or ambiguous. The issue for our consideration is whether the trial court erred in holding that the exclusion contained in Progressive's insurance policy was valid and allowable under existing law. We find that the trial court correctly ruled.

The goal of the no-fault insurance system is to provide victims of motor vehicle accidents assured, adequate, and prompt reparation for certain economic losses. *Gauntlett v Auto-Owners Ins Co*, 242 Mich App 172, 179; 617 NW2d 735 (2000). Accordingly, the Legislature enacted MCL 500.3101(1), which provides in relevant part, that "[t]he owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance . . . ." Our Supreme Court stated:

> Although designated as "personal protection insurance" under the no-fault act, PIP benefits are in fact statutory benefits, arising regardless of whether an injured person has obtained a no-fault insurance policy. Indeed, a no-fault insurance carrier can be liable for no-fault benefits even if the motor vehicle it insures was not the actual motor vehicle involved in the accident. [*Dye by Siporin & Assoc, Inc v Esurance Prop & Cas Ins Co*, __ Mich __; __ NW2d __ (2019)]

If one is involved in an accident while in a vehicle for which PIP is required under MCL 500.3101(1), an insurer is liable to pay benefits for accidental bodily injury "arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle . . ." MCL 500.3105. "Owner" is defined in the no fault act as:

(i) A person renting a motor vehicle or having the use of a motor vehicle, under a lease or otherwise, for a period that is greater than 30 days.

\* \* \*

(iii) A person that holds the legal title to a motor vehicle or motorcycle, other than a person engaged in the business of leasing motor vehicles or motorcycles that is the lessor of a motor vehicle or motorcycle under a lease that provides for the use of the motor vehicle or motorcycle by the lessee for a period that is greater than 30 days. [MCL 500.3101(3)(l)]

There can be more than one statutory owner of a vehicle for no-fault purposes. *Ardt v Titan Ins Co*, 233 Mich App 685, 691; 593 NW2d 215 (1999).

Here, Vantol holds legal title to the semi-tractor. However, Hammer, the named insured on Progressive's insurance policy, entered into a vehicle lease agreement with Short on June 10, 2015. The lease agreement provided that Short would lease the semi-tractor from Hammer for a period beginning June 10, 2015, until the lease was cancelled. The lease between Hammer and Short concerning the semi-tractor provides that "Lessee [Short] shall hold exclusive possession and control over the equipment under this Intrastate lease for the entire term of the lease." Thus, both plaintiff and Short are "owners" for purposes of the no-fault act.

Home-Owners and Progressive agree that both of their policies provide PIP benefit coverage for the vehicle at issue and that they are also both first in priority for payment of plaintiff's PIP benefits. The commercial auto insurance policy issued by Progressive, however, contains a "Contingent Liability Endorsement Limited Liability Coverage for Non-Trucking Use of an Automobile" that contained the following exclusion to the Michigan personal property insurance and property protection insurance endorsement:

Coverage under this endorsement, including our duty to defend, does not apply to:

1.     Any insured auto while it is:

a.     leased or rented to any person or organization other than the named insured shown on the Declarations Page; or

b.     being operated, maintained, or used, whether or not for compensation, for or on behalf of any person or organization other than the named insured shown on the Declarations Page:

This exclusion applies only when that person or organization other than the named insured has:

(i) Michigan Personal Protection Insurance coverage for bodily injury; or

(ii) Michigan Property Protection Insurance coverage for property damage;

on the insured auto.

2. Any insured auto while it is being used to transport goods or merchandise, or while the goods or merchandise are being loaded or unloaded from the insured auto, if there is other Michigan Personal Protection Insurance coverage for bodily injury or Michigan Property Protection Insurance coverage for property damage on the insured auto.

Vantol testified at deposition that he drove the semi-tractor in Short's employment during the lease, receiving payment to haul loads for Short. Vantol testified that his use of the semi-tractor for Short followed a relatively set daily schedule wherein he would pick up scrap roofing in Saginaw and take it to Oscoda. He would unload the scrap at the Oscoda location and pick up finished roofing product to return to Saginaw. Plaintiff testified that at the time of the accident, on the morning of July 12, 2016, he had a load of scrap in the trailer attached to the semi-tractor that he had loaded at the Saginaw location the night before. Plaintiff testified that he was on his way to Oscoda with the scrap load, approximately 40 miles away from the Oscoda site, when the accident occurred.

Clearly, at the time of the accident, the semi-tractor was being leased to a person or organization other than the insured named in Progressive's policy. It was also being used to transport goods for Short under a lease agreement, and Short had Michigan Personal Protection Insurance coverage for bodily injury on the semi-tractor through Home-Owners. Thus, the clearly stated policy exclusion relieves Progressive from paying PIP benefits to plaintiff, so long as the exclusion is valid and allowable under the no-fault act.

Under public policy, an automobile liability insurance policy may not contain exclusions not specifically authorized by the Legislature. *Integral Ins Co v Maersk Container Serv Co, Inc*, 206 Mich App 325, 331; 520 NW2d 656 (1994). "However, an exclusionary clause is not per se invalid simply because it is not specifically provided for in the no-fault act." *Id*. In *Integral Ins Co.*, Ralph Scott was injured while driving a semi-tractor that he owned, but had leased to a trucking company. *Id*. at 328. At the time of the accident, Scott was hauling goods for the trucking company. The trucking company obtained an insurance policy on the semi-tractor from Insurance Company of North America (INA) that provided PIP benefits. Scott obtained a bobtail policy on the semi-tractor from Integral that expressly excluded coverage while the semi-tractor was being used to carry goods for a business and while the semi-tractor was being used for the business of anyone who had leased the semi-tractor. *Id*. The two insurers disputed who was liable for payment of Scott's PIP benefits. This Court held that the bobtail policy was not void as contrary to public policy. *Id*. at 330. We further held:

Integral's policy provided coverage only when Scott was not hauling cargo for a business or when Scott was not hauling cargo for a business to whom the tractor was rented. Admittedly, the policy itself does not provide full coverage. However, the tractor was fully covered under no-fault by the addition of INA's policy that provided coverage when Scott was hauling cargo on behalf of Maersk. This is allowed under MCL 257.520(j), which provides:

The requirements for a motor vehicle liability policy may be fulfilled by the policies of 1 or more insurance carriers which policies together meet such requirements.

Taken together, the policy issued by INA and the bobtail policy issued by Integral provided continuous insurance coverage to the tractor as required by the motor vehicle financial responsibility act. See also *State Farm Mutual Automobile Ins Co v Auto–Owners Ins Co*, 173 Mich App 51, 54; 433 NW2d 323 (1988). Accordingly, we hold that the policy issued by Integral is not void, and therefore the trial court's ruling was erroneous.

Thus, the issues related to the trial court's decision that INA was first in priority for paying Scott's PIP benefits under MCL 500.3114(3) because he was an employee of Maersk are irrelevant because Integral's exclusion is applicable. [*Integral Ins Co*, 206 Mich App at 331- 332]

As pointed out by Home-Owners, it is true that insurance policy provisions that conflict with statutes are invalid. *Auto-Owners Ins Co v Martin*, 284 Mich App 427, 434; 773 NW2d 29 (2009). But, because the contracting parties are assumed to have intended a valid contract, a policy must be interpreted in harmony with statutory requirements when possible. *Id.* It is also true that when a provision in an insurance policy is mandated by statute, the rights and limitations of the coverage are governed by that statute. *Titan Ins Co v Hyten*, 491 Mich 547, 554; 817 NW2d 562 (2012). The policy exclusion at issue does not violate either one of these principles.

The policy issued by Progressive did provide for the payment of PIP benefits consistent with 500.3101(1) and did not avoid the PIP benefits available to one who was injured while using the semi-tractor. It simply detailed in its policy exclusion that it would not pay PIP benefits if the semi-tractor was being leased to a person or organization other than the insured named in Progressive's policy (Hammer), if it was also being used to transport goods for another under a lease agreement (here, Short), *and only* if the required no-fault insurance was in place by virtue of another policy. It, like the policy in *Integral Ins Co*, 206 Mich App at 331, did not, by virtue of the policy exclusion at issue, provide for complete PIP benefits in *all* circumstances, but the Progressive policy, when combined with the Home-Owners policy, ensured that the semi-tractor was covered by the required insurances at all times.

As this Court stated:

The basic requirement of the no-fault act is that all vehicles be covered by a policy providing no-fault benefits. Section 3101 of the act requires the owner or registrant of a motor vehicle to maintain security for payment of benefits under personal protection insurance. Section 3102(2) makes it a misdemeanor to fail to provide such security. This does not mean, however, that each owner or registrant must have *a* separate policy covering the vehicle, but only that there be a policy covering the vehicle.

In this case, the no-fault act has been satisfied because [], the titled owner of the tractor, maintained security for payment of no-fault benefits as required by the lease agreement. For this reason, we do not believe [the owner-lessee of the tractor] was also required to maintain insurance on the tractor nor did the parties so contemplate. [*Iqbal v Bristol W Ins Group*, 278 Mich App 31, 42; 748 NW2d 574 (2008), quoting *Jasinski v Nat'l Indemnity Ins Co*, 151 Mich App 812, 818-819; 391 NW2d 500 (1986).]

Our Supreme Court recently further explained that MCL 500.3101(1) also does not require an owner of a motor vehicle to personally purchase no-fault insurance for his or her vehicle. "Rather, MCL 500.3101(1) only requires that the owner or registrant "maintain" no-fault insurance, and the term "maintain," as commonly understood, means to "keep in an existing state." *Dye by Siporin & Assoc, Inc*, __Mich__, slip op at 4. Because Short, an owner of the semi-tractor, maintained the required coverage on the semi-tractor, Vantol (and/or Hammer) had no compulsory duty under the no-fault act to obtain any insurance on the vehicle; Vantol simply had to ensure that the requisite insurance was maintained on the semi-tractor. And, because Vantol was free to forgo obtaining separate insurance on the vehicle in its entirety under the present circumstances, he was also free to obtain limited "extra" PIP insurance on the semi-tractor if he so desired.

Further, while "[a] motor-vehicle insurer cannot avoid or shift its statutory primary responsibility for PIP benefits," *Corwin v DaimlerChrysler Ins Co*, 296 Mich App 242, 247; 819 NW2d 68 (2012), Progressive did not do so here. Instead, it provided PIP coverage with, essentially, a business exclusion that applied only if the vehicle was otherwise insured in conformance with the no-fault act. The policy exclusion clearly and explicitly provides that when the covered auto (i.e., semi-truck) is used for a lessee's business and the lessee has sufficient liability and no-fault insurance for the auto, Progressive is not obligated to pay insurance benefits in the event of an accident that occurs during this use. Business exclusions in insurance policies are permissible and valid. See, *Husted v Dobbs*, 459 Mich 500, 506; 591 NW2d 642 (1999) (stating that the essential insurance act, MCL 500.2101 *et seq.,* specifically permits insurers to limit insurance coverage on the basis of business use via MCL 500.2118(2)(f)). Our interpretation of Progressive's policy and the exclusion at issue not only reflects the demonstrated intent of the parties to the Progressive policy, but also produces a result that is consistent with public policy and the purposes of the no-fault act.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Amy Ronayne Krause