*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALAA ALSHARA,

       Plaintiff-Appellant,

v

ACCEPTANCE INDEMNITY INSURANCE
COMPANY,

       Defendant-Appellee,

and

AMERISURE MUTUAL INSURANCE
COMPANY, STATE AUTO INSURANCE
COMPANIES, and AUTO-OWNERS
INSURANCE,

       Defendants.

UNPUBLISHED
May 30, 2024

No. 366700
Wayne Circuit Court
LC No. 21-010211-NF

Before: GARRETT, P.J., and RIORDAN and LETICA, JJ.

PER CURIAM.

In this first-party no-fault action, plaintiff, Alaa Alshara, seeks payment of personal injury protection (PIP) benefits from defendant, Acceptance Indemnity Insurance Company ("Acceptance"), after he was injured in an out-of-state, single-vehicle accident. The trial court granted summary disposition to Acceptance. On appeal, Alshara contends that the trial court erred in granting Acceptance's motion for summary disposition because a no-fault PIP endorsement included in the Acceptance policy supersedes the main policy's trucking exclusion. Alshara also argues that when the trial court determined whether he was entitled to PIP coverage, the court improperly assumed that he was not an employee for purposes of the no-fault act's priority statute,

-1-

MCL 500.3114.[1]  Because the PIP endorsement is inapplicable to the Acceptance policy's nontrucking coverage form and does not modify or conflict with the trucking exclusion, the trial court properly granted Acceptance's motion for summary disposition.  Further, because Acceptance was not responsible for providing PIP coverage under the priority statute and the trial court did not make any factual findings on Alshara's employment status, Alshara's argument about the applicability of MCL 500.3114 lacks merit.  Accordingly, we affirm.

## I.  BACKGROUND

In February 2021, Alshara, a Michigan resident, sustained injuries in a single-vehicle accident in Arkansas.  At the time of the accident, Alshara was driving a 2013 Freightliner tractor ("the tractor"), which was pulling a trailer fully-loaded with auto parts.  Alshara picked up the auto parts under the direction of his employer, D.H. Trucking ("D.H.").  D.H. leased the tractor from H.N. Express Inc. ("H.N."), and it was registered in Michigan.  D.H. had active motor carrier insurance with Amerisure.  Although D.H. was the named insured on the Amerisure policy, the policy did not cover the tractor driven by Alshara.

Instead, Acceptance insured the tractor under a "MASTER POLICY NON-TRUCKING AUTOMOBILE COVERAGE FORM," ("non-trucking form") with certificate holder, H.N.[2]  In compliance with a provision requiring H.N. to have a lease agreement with an authorized and insured motor carrier, the policy lists the "motor carrier" as D.H.  Under the policy, the tractor is a covered "auto" because it is a "land motor vehicle, 'trailer' or semitrailer designed for travel on public roads," that is shown "on the Non-Trucking Automobile Certificates of Insurance [. . .] issued by us that become part of this policy and for which a premium charge is shown on the Certificate."  The policy also contains the following trucking exclusion:

Section II–Liability Coverage

* * *

B. Exclusions

This insurance does not apply to any of the following:

---

[1] In his initial appellate brief, Alshara also argues that, before the trial court, Acceptance incorrectly claimed that Amerisure Mutual Insurance Company ("Amerisure"), a defendant previously dismissed from the litigation, was responsible for paying PIP benefits.  In his reply brief, however, Alshara requests that this Court no longer consider this issue.  Therefore, we decline to address this argument.

[2] The parties also refer to the nontrucking liability policy as a "bobtail" policy.  A bobtail policy "is a policy that insures the tractor and driver of a rig when it is operated without cargo or a trailer." *Integral Ins Co v Maersk Container Serv Co*, 206 Mich App 325, 331; 520 NW2d 656 (1994).  A bobtail policy is slightly different from a nontrucking policy, which covers accidents when the truck is used for noncommercial purposes, even if a load or trailer is attached.

* * *

14. Trucking

A covered "auto"

a. While being operated, maintained or used to carry property in any business or en route to or from such business purpose;

b. While used in the business of anyone to whom the "auto" is rented;

c. While under the direction, dispatch or control of a motor carrier;

d. While not under "permanent lease" with a motor carrier.

Central to this appeal is a PIP endorsement, shown in relevant part below, that was attached to the policy:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## MICHIGAN PERSONAL INJURY PROTECTION

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Michigan, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the coverage form apply unless modified by the endorsement.

Alshara filed a complaint against Acceptance, seeking PIP benefits under the no-fault act, MCL 500.3101 *et seq.*[3] Acceptance moved for summary disposition under MCR 2.116(C)(8) and (C)(10), arguing that its policy did not cover the accident because the policy excluded coverage when the tractor was operated for business use or under the dispatch of a motor carrier. Because the motor carrier, D.H., was required to provide its own coverage, Acceptance contended that it was not responsible for paying PIP benefits. In response, Alshara argued that the PIP endorsement superseded the trucking exclusion, entitling him to coverage.

---

[3] We note that Alshara later filed amended complaints adding claims for the same PIP benefits against Amerisure, as well as State Auto Insurance Companies and Auto-Owners Insurance, the automobile insurers of two of Alshara's resident relatives. Alshara ultimately stipulated to the dismissal of these three insurers, leaving Acceptance as the only remaining defendant in the case.

During the motion hearing, the trial court questioned why D.H.'s insurer, Amerisure, was not involved in the litigation. Acceptance argued that although Amerisure was voluntarily dismissed by Alshara as D.H.'s insurer, it should be responsible for the loss incurred by its employee operating the tractor it statutorily owned, in the course of performing D.H.'s business. The trial court also questioned whether the Acceptance policy was in the order of priority under MCL 500.3114. The trial court acknowledged that under MCL 500.3114(3), Acceptance could have been in the order of priority if it determined that Alshara was H.N.'s employee. But because there was no question that Alshara worked for D.H., not H.N., the trial court declined to address whether Alshara was an employee or an independent contractor, and held that Acceptance was not in the order of priority under MCL 500.3114. After the hearing, the trial court granted summary disposition to Acceptance and dismissed Alshara's claims with prejudice. This appeal followed.

## II. SUMMARY DISPOSITION

Alshara contends that the trial court erred in granting Acceptance's motion for summary disposition because the PIP endorsement supersedes the Acceptance policy's trucking exclusion and the trial court improperly assumed that Alshara was not an employee of D.H. under MCL 500.3114.

## A. STANDARDS OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). That means that we review the issue independently, with no required deference to the trial court. *Millar v Constr Code Auth*, 501 Mich 233, 237; 912 NW 2d 521 (2018). Although Acceptance moved for summary disposition under both MCR 2.116(C)(8) and (C)(10), "we treat the motion as having been brought and decided under MCR 2.116(C)(10)," because the trial court considered materials outside the pleadings. *Shah v State Farm Mut Auto Ins Co*, 324 Mich App 182, 207; 920 NW2d 148 (2018). When deciding a motion under MCR 2.116(C)(10), the trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil*, 504 Mich at 160. If the moving party properly asserts and supports its motion for summary disposition, the "burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The trial court must only grant summary disposition under MCR 2.116(C)(10) "when there is no genuine issue of material fact," meaning that "the record leaves open an issue upon which reasonable minds might differ." *El-Khalil*, 504 Mich at 160 (cleaned up).

Whether the trial court properly granted summary disposition to Acceptance turns on the proper interpretation of its nontrucking policy. "The interpretation of a contract, such as an insurance policy, is also reviewed de novo." *Webb v Progressive Marathon Ins Co*, 335 Mich App 503, 507; 967 NW2d 841 (2021). "Whether contract language is ambiguous is also a question of law which we review de novo." *Henderson v State Farm Fire & Cas Co*, 460 Mich 348, 353; NW2d (1999). "It is axiomatic that if a word or phrase is unambiguous and no reasonable person could differ with respect to application of the term or phrase to undisputed material facts, then the court should grant summary disposition to the proper party pursuant to MCR 2.116(C)(10)." *Id*. On the other hand, "if reasonable minds could disagree about the conclusions to be drawn from the facts, a question for the factfinder exists." *Id*. The availability of insurance under a statute is

a question of statutory interpretation, which we also review de novo. *Titan Ins Co v American Country Ins Co*, 312 Mich App 291, 296; 876 NW2d 853 (2015). "Where the statutory language is clear and unambiguous, a court must apply it as written." *Measel v Auto Club Group Ins Co*, 314 Mich App 320, 326; 886 NW2d 193 (2016) (cleaned up).

## B. ANALYSIS

Alshara first claims that Acceptance is not entitled to summary disposition because the Acceptance policy's trucking exclusion is superseded by the PIP endorsement.

To carry out the intent of the parties, an insurance contract should be read as a whole and meaning given to all of its terms. *Gavrilides Mgt Co, LLC v Mich Ins Co*, 340 Mich App 306, 317; 985 NW2d 919 (2022). The policy application, declarations page, and the policy itself, read together, constitute the contract. *Dancey v Travelers Prop Cas Co of America*, 288 Mich App 1, 8; 792 NW2d 372 (2010). "To determine whether an insured is entitled to insurance benefits, we employ a two-part analysis. First, we determine if the policy provides coverage to the insured. If it does, we then ascertain whether that coverage is negated by an exclusion." *Heniser v Frankenmuth Mut Ins*, 449 Mich 155, 172; 534 NW2d 502 (1995) (cleaned up). We "must not hold an insurance company liable for a risk that it did not assume," or "create ambiguity in an insurance policy where the terms of the contract are clear and precise." *Citizens Ins Co v Pro-Seal Serv Group, Inc*, 477 Mich 75, 82; 730 NW2d 682 (2007) (cleaned up).

"Exclusions limit the scope of coverage provided and are to be read with the insuring agreement and independently of every other exclusion." *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 471; 688 NW2d 523 (2004) (cleaned up). Clear and specific exclusions must be enforced, *Group Ins Co of Mich v Czopek*, 440 Mich 590, 597; 489 NW2d 444 (1992), and if an exclusion applies to a claim, coverage is precluded, *Brown v Farm Bureau Gen Ins Co of Mich*, 273 Mich App 658, 661; 730 NW2d 518 (2007). Endorsements, on the other hand, are "issued to specifically grant certain coverage or remove the effect of particular exclusions." *Besic v Citizens Ins Co*, 290 Mich App 19, 26; 800 NW2d 93 (2010). If there is a conflict " 'between the terms of an endorsement and the form provisions of an insurance contract, the terms of the endorsement prevail.' " *Besic*, 290 Mich App at 26, quoting *Hawkeye-Security Ins Co v Vector Constr Co*, 185 Mich App 369, 380; 460 NW2d 329 (1990). "It is the insured's burden to establish that his claim falls within the terms of the policy." *Heniser*, 449 Mich at 172.

Analogizing to this Court's decision in *Besic*, Alshara argues that the PIP endorsement supersedes the trucking exclusion in the Acceptance policy. In *Besic*, 290 Mich App at 24-30, the plaintiff was a truck driver who was injured in an out-of-state accident while hauling freight in a loaded tractor-trailer. The plaintiff owned the tractor and leased it to a trucking company. *Id*. at 21. The lease stated that the trucking company was responsible for liability insurance for the tractor while the plaintiff was "operating under the terms of this Agreement," and the plaintiff could contract independently for bobtail insurance. *Id*. at 22. The plaintiff sued three insurers for PIP benefits under these policies: the liability insurance bought by the trucking company, the nontrucking insurance bought by the plaintiff, and the policy insuring the plaintiff's household vehicles. *Id*. The trial court dismissed the trucking company's insurer because the policy was for liability coverage only and did not provide no-fault coverage. *Id*. at 23. The trial court also

dismissed the plaintiff's personal insurer and granted the plaintiff summary disposition with respect to the nontrucking insurer. *Id.*

The nontrucking policy in *Besic* stated: "No coverage is afforded when the described vehicle is… under motor carrier direction, control, or dispatch." *Id.* at 25 (cleaned up). The policy, however, also included an endorsement, which provided:

> For the covered "auto" described in this endorsement, . . . Michigan Personal Injury and Property Protection coverages are changed as follows:
>
> * * *
>
> Michigan Personal Injury and Property Protection coverages do not apply to "bodily injury" or "property damage" resulting from the operation, maintenance or use of the covered "auto" in the business of anyone to whom it is leased or rented *if the lessee has Michigan Personal Injury and Property Protection coverages on the "auto."* [*Id.*]

Put differently, the endorsement excluded the nontrucking insurer from paying PIP benefits to the plaintiff only if the lessee—the trucking company—had PIP coverage. Because the trucking company's insurance policy did *not* provide PIP coverage, this Court concluded that the plain and unambiguous language of the endorsement entitled the plaintiff to PIP coverage from the nontrucking insurer. *Id.*

The key to the ruling in *Besic* is that the endorsement explicitly changed the main policy's exclusion from excluding the tractor while under "motor carrier direction, control, or dispatch" to excluding the tractor while used "in the business of" the lessee, if the lessee had PIP coverage for the tractor. There was a conflict between the terms, and the endorsement clearly and unambiguously narrowed the exclusion so that PIP coverage was unavailable. Because endorsements are designed to trump main policy provisions, *id.* at 26, and clear and specific exclusions must be enforced, *Group Ins Co of Mich*, 440 Mich at 597, the nontrucking insurer had to provide PIP coverage.

Here, however, no term in the PIP endorsement conflicts with or narrows the exclusion of the nontrucking policy, so Acceptance is not required to pay PIP benefits to Alshara. Under the terms of the Acceptance policy, the tractor is a covered "auto" because it is listed in the certificate of the policy.[4] The non-trucking form expressly excludes insurance coverage for the tractor while it is "operated, maintained or used to carry property in any business or en route to or from such business purpose," or while it is "under the direction, dispatch or control of a motor carrier."

---

[4] On appeal, Acceptance claims that it is not required to provide PIP coverage to Alshara because the trucking exclusion renders the tractor no longer a covered auto. The exclusion, however, does not change the tractor's status as a covered auto, but instead it precludes coverage when the tractor is used for business purposes or under the direction, control, or dispatch of D.H.

Because it is undisputed that Alshara was operating the tractor for business purposes under the direction of D.H., the motor carrier, the exclusion applies.

The PIP endorsement unambiguously states that the "provisions of the Coverage Form apply unless modified by the endorsement." But the PIP endorsement does not modify the non-trucking form, which is at issue here. Instead, it only modifies the Business Auto Coverage Form, Garage Coverage Form, Motor Carrier Coverage Form, and the Truckers Coverage Form, all of which are inapplicable.[5] This Court, in *Alesevic v Gordon*, unpublished opinion of the Court of Appeals, issued June 30, 2022 (Docket No. 358507), p 7-8, similarly found that a PIP endorsement, which contained nearly identical language to the endorsement in this case, only modified coverage provided under the listed coverage forms.[6] Because the listed forms were inapplicable, and there was "nothing in the PIP endorsement that negated or broadened the language in the certificate of insurance," this Court concluded that Acceptance was not responsible for paying PIP benefits. *Id.* As in *Alesevic*, the PIP endorsement does not apply to the nontrucking coverage form, so the endorsement cannot supersede the trucking exclusion. Reading the insurance contract as a whole, *Gavrilides Mgt Co, LLC*, 340 Mich App at 317, the endorsement does not the disrupt the PIP coverage outlined in the Acceptance policy, and the coverage only applies to injuries sustained in nontrucking accidents, so Acceptance was not required to pay Alshara PIP benefits. As a result, the trial court did not err by granting summary disposition to Acceptance.

Alshara also argues that when the trial court was determining whether MCL 500.3114 entitled him to coverage, the court erred by finding that he was an independent contractor, and not an employee, because it did not rely on any evidence in support of its findings.

The priority statute, MCL 500.3114, states:

> (3) An *employee*, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury *while an occupant of a motor vehicle owned or registered by the employer*, shall receive personal protection insurance benefits to which the employee is entitled *from the insurer of the furnished vehicle*. [MCL 500.3114(3) (emphasis added).]

Put differently, an employee who suffers an accidental bodily injury while occupying a motor vehicle owned or registered by his employer is entitled to PIP benefits from the insurer of the vehicle. Thus, in order to determine whether Alshara was entitled to PIP benefits under the statute,

---

[5] In his reply brief on appeal, Alshara argues for the first time that the policy is illusory because "there are no circumstances in which the Michigan Personal Injury Protection endorsement would be triggered." Because "raising an issue for the first time in a reply brief is not sufficient to present the issue for appeal," *Blazer Foods, Inc v Restaurant Props, Inc*, 259 Mich App 241, 252; 673 NW2d 805 (2003), and Michigan follows the "raise or waive" rule of appellate review, *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359090); slip op at 2-3, this argument is waived and we decline to consider it.

[6] Although *Alesevic* is not binding on this Court, we may consider it for its persuasive value. *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010).

the trial court needed to determine (1) whether Alshara's employer owned or registered the vehicle, and (2) whether Alshara was an employee or an independent contractor of his employer.

Under MCL 500.3101(1), the owner or registrant of a motor vehicle registered in Michigan is required to "maintain security for payment of benefits under personal protection insurance. . . ." An "owner" of a motor vehicle is a person who rents or uses a motor vehicle "under a lease or otherwise, for a period that is greater than 30 days," MCL 500.3101(3)(*l*)(*i*), or a person that "holds the legal title to a motor vehicle . . . other than a person engaged in the business of leasing motor vehicles . . . that is the lessor of a motor vehicle . . . under a lease that provides for the use of the motor vehicle . . . by the lessee for a period that is greater than 30 days," MCL 500.3101(3)(*l*)(*iii*). Additionally, under MCL 500.3101(3)(n), a "registrant" of a motor vehicle "does not include a person engaged in the business of leasing motor vehicles . . . that is the lessor of a motor vehicle . . . under a lease that provides for the use of the motor vehicle . . . by the lessee for a period that is longer than 30 days."

The evidence shows that D.H. had exclusive use of the tractor for more than 30 days before the accident, and the parties agree that D.H. was leasing the tractor from H.N. at the time of the accident. Accordingly, H.N., as the lessor of the tractor, was excluded from the definition of an owner or registrant and was not required to maintain PIP insurance. See MCL 500.3101(3)(*l*)(*iii*); MCL 500.3101(3)(n). But D.H., as the statutory owner of the tractor under MCL 500.3101(3)(*l*)(*i*), *was* required to supply PIP coverage under MCL 500.3101(1). As a result, Alshara's ability to recoup PIP benefits from D.H.—or Amerisure, as D.H.'s insurer—would have turned on whether he was D.H.'s employee under the economic-reality test. See *Miclea v Cherokee Ins Co*, 333 Mich App 661, 669; 963 NW2d 665 (2020).

This determination, however, is irrelevant to resolving Acceptance's motion for summary disposition because Acceptance was not responsible for paying PIP benefits. Acceptance was not the "insurer of the furnished vehicle," MCL 500.3114(3), because the policy expressly excluded coverage of the tractor while it was being used in the business of trucking. That left D.H., as the owner of the tractor, solely responsible for providing PIP coverage under MCL 500.3101(1). Alshara, however, contends that the Acceptance policy should apply equally to D.H. employees because D.H. is listed in the policy as the motor carrier and "[n]owhere does the policy exclude any coverage to the Motor Carrier." But the policy's certificate provides that the policy was only issued to H.N., and nothing in the policy's plain language suggests that coverage is extended to D.H. as a motor carrier. Because "[i]t is the insured's burden to establish that his claim falls within the terms of the policy," *Heniser*, 449 Mich at 172, and Alshara identifies no language in the policy extending coverage to D.H. as the motor carrier, we cannot hold Acceptance "liable for a risk that it did not assume," *Citizens Ins Co*, 477 Mich at 82.

Regardless, Alshara's claim that the trial court incorrectly assumed that he was not an employee for purposes of MCL 500.3114 lacks merit, because the trial court *never* made a finding on Alshara's employment status. The trial court repeatedly declined to make this determination, stating that Alshara's employment status with D.H. was irrelevant to Acceptance's motion for summary disposition. During the summary disposition hearing, the trial court stated that Alshara was not an employee of *H.N.*, but made no factual findings about his employment status with D.H. This is not an error, as the parties do not dispute that Alshara was not an employee of H.N. Thus, Alshara's claim that the trial court made an improper factual finding is unsupported by the record.

-8-

In sum, because the PIP endorsement is inapplicable to the Acceptance policy's nontrucking coverage form and the endorsement's language did not limit or modify the trucking exclusion, there is no genuine issue of material fact that Acceptance was not required to provide PIP coverage to Alshara. Further, because D.H. was responsible for providing PIP coverage under the priority statute and the trial court did not make any improper findings on Alshara's employment status, the trial court properly granted summary disposition to Acceptance.

We affirm.

/s/ Kristina Robinson Garrett
/s/ Michael J. Riordan
/s/ Anica Letica